## THE PEOPLE v. AH YEK.

INDICTMENT FOR RAPE.—In an indictment for the crime of rape it is not necessary to aver the age of the person charged with committing the rape.

APPEAL from the County Court, Sacramento County.

The defendant appealed.

The other facts are stated in the opinion of the Court.

*Coffroth & Spaulding*, for Appellant, argued that inasmuch as the statute declared that a person of the age of fourteen years or upwards, having carnal knowledge of a child under the age of ten years, was guilty of rape, it was therefore necessary to aver the age of the person charged in the indictment; that the age was the very essence of the statutory offense, and could not be left to conjecture or proof, and cited 1 Hawkins, Chap. 41, Sec. 2 ; 3 Archibald C. P. 304 ; 6 Cal. 488; and *People* v. *Savier*, 14 Cal. 30.

*J. G. McCullough, Attorney-General*, for the People, contended that it was just as unnecessary to aver that the defendant was fourteen years of age and upwards, as it would be to aver that the prosecutrix was not the defendant's wife; and cited *Com.* v. *Scannel*, 11 Cushing, 547 ; *Com.* v. *Sugland*, 4 Gray, 7.

By the Court, SAWYER, J.

The defendant was convicted on an indictment for the crime of rape, committed on a child of the age of nineteen months. The first and principal question in the case arises upon demurrer to the indictment. It is claimed, that, because the child is alleged to be of the age of nineteen months, it should also be alleged that the defendant is over the age of fourteen years. But we think the indictment sufficient on this point. The statute defines a rape as follows: "Rape is the carnal knowledge of a female forcibly and against her will." This is the definition of the crime. After providing for the punishment, it adds: "Any person of the age of fourteen years and upward, who shall have carnal knowledge of any female child under the age of ten years, either with or without her consent, shall be adjudged guilty of the crime of rape," etc. The indictment would have been good without averring the age of the child. (*Commonwealth* v. *Sugland,* 4 Gray, 7; *Commonwealth* v. *Sullivan,* 6 Gray, 479.) The fact that it is averred does not change the rule, and make it necessary to aver the age of the party who commits the offense. In *Commonwealth* v. *Scannel,* 11 Cush. 548, a similar question was raised. The Court say: "We perceive no ground for arresting judgment in the present case for either of the alleged causes. It is not necessary in an indictment for rape to allege that the defendant is fourteen years of age. It might as well be contended that in all other cases the indictment must allege that the party charged was above the age of seven years. The incapacity of a party by reason of his tender years to commit the crime charged upon him may be a good defense on the trial, as it may negative effectually the charge, but this capacity is not required to be stated in the indictment, and its omission furnishes no ground for arresting the judgment after a verdict against the accused."

It does not appear upon the face of the indictment that defendant was under fourteen years of age, and we see no better reason for averring that he is over fourteen, than in any other criminal case for averring that the party charged is of

such an age as to render him capable in law of committing the crime. His capacity to commit the crime is as much an element in the crime in one case as in the other.

Conceding this Court to have jurisdiction under the Constitution to reverse a judgment in a criminal case on the ground of insufficiency of evidence to sustain the verdict, we should not be justified in reversing the judgment in this case on that ground.

Judgment affirmed.