[20958. Department One. — May 25, 1893.]

## THE PEOPLE, RESPONDENT, v. FREDERICK WESSEL, JR., APPELLANT.

CRIMINAL LAW — RAPE — INFORMATION — CAPABILITY OF COMMITTING OFFENSE — DEFENSE. — An information charging a defendant with wilfully and feloniously committing rape upon the person of a female child under the age of fourteen years, implies an averment that the defendant was capable of committing the offense; and it is not necessary to allege that the defendant was a male, or over fourteen years of age, or, if under that age, that he possessed physical ability to commit the offense. If the defendant was incapable of committing the offense, such fact may be shown in defense.

ID. — EVIDENCE — TESTIMONY OF PROSECUTRIX — IMPEACHMENT — DEPOSITION BEFORE COMMITTING MAGISTRATE — EXPLANATION OF DISCREPANCIES. — In a prosecution for rape, where, to contradict the testimony of the prosecutrix, who was a child of eleven years, the defense read her testimony before the committing magistrate, it was proper for the court to allow the prosecution to recall her and to ask her to explain the discrepancies.

ID.— INSTRUCTION — SUFFICIENCY OF EVIDENCE OF PROSECUTRIX. — An instruction
to the jury, in a prosecution for rape, that "while it is the law that the testi-
mony of a prosecutrix should be carefully scanned, still this does not mean
that such evidence is never insufficient to convict. If you believe the prose-
cutrix, it is your duty to render a verdict accordingly," is not equivalent to tell-
ing the jury that they should convict if they believe the prosecutrix, but is
simply saying that if they believe it they should act upon it as establishing the
facts proved by it, and is properly given.

ID.— MOTION FOR NEW TRIAL — AMENDMENT AFTER DENIAL OF MOTION. — Where a
defendant in a criminal prosecution submitted a motion for a new trial which
was denied, and judgment was thereupon pronounced, a motion thereafter to
amend the motion for a new trial, by adding the ground of newly discovered
evidence, comes too late.

APPEAL from a judgment of the Superior Court of Santa
Cruz County, and from an order denying a new trial and an
arrest of judgment.

The facts are stated in the opinion.

*Lucas F. Smith,* for Appellant.

*Attorney-General W. H. H. Hart,* and *Deputy Attorney-Gen-
eral Charles H. Jackson,* for Respondent.

TEMPLE, C. — The defendant was convicted of the crime of
rape, and sentenced to the penitentiary for ten years.

The first point made is that the court erred in overruling
defendant's demurrer to the information on the ground that it
did not state facts sufficient to constitute a public offense. The
information charges rape upon the person of a female child
under the age of fourteen years, but does not state that the
defendant was a male, or over the age of fourteen years, or if
under that age that he possessed physical ability, as required
by section 262 of the Penal Code, to commit the offense. This
is not necessary. If the defendant was incapable of committing
the offense, such fact may be shown in defense; but the aver-
ment that he was capable is implied in the charge that he wil-
fully and feloniously commited the act. (*People* v. *Ah Yek,* 29
Cal. 576; *Commonw.* v. *Sugland,* 4 Gray, 7; *Commonw.* v. *Sul-
livan,* 6 Gray, 479; *Commonw.* v. *Scannel,* 11 Cush. 548.)

It is next contended that the court erred in overruling defend-
ant's objections to certain testimony. To contradict the testi-
mony of the prosecutrix, who was a child of eleven years, the

XCVIII. CAL.—23

defense read her testimony before the committing magistrate, in which it was claimed she had made statements inconsistent with her evidence on the trial. Thereupon the prosecution recalled the prosecutrix, and asked her to explain the discrepancies. This course was too plainly proper and of too common practice to justify the presentation of the question here.

The court instructed the jury as follows: "While it is the law that the testimony of the prosecutrix should be carefully scanned, still this does not mean that such evidence is never sufficient to convict. If you believe the prosecutrix, it is your duty to render a verdict accordingly." It is contended that this is telling the jury that they may act on the testimony if they believe it, although it may not be sufficient in substance, though true, to establish the offense. I cannot understand the instruction as equivalent to telling the jury that they should convict if they believe the prosecutrix. It is simply saying that if they believe it, they should act upon it, as establishing the facts proved by it; that is, that the offense may be proven by the testimony of the prosecutrix. The jury was fully instructed as to the elements of the crime.

Defendant copied from Ram on Facts a long statement as to the testimony of children, and asked the court to give it as an instruction. To have given it would have been clearly erroneous, and is inhibited by section 19, article VI. of the constitution.

It is next argued that the testimony of the prosecutrix, if true, fails to show that there was sexual penetration. The child was naturally averse to calling some things by their names, and the prosecuting attorney was considerate, but the testimony is not of doubtful import to this point.

The testimony was ample as to the identity of the defendant. On this subject the witness made some rather inconsistent and unintelligible statements, but that was for the jury.

On the twenty-eighth day of August, 1891, the defendant submitted a motion for a new trial which was then denied, and the court on the same day proceeded to pronounce judgment. On the 25th of June, 1892, the defendant gave notice that he would ask leave to amend his motion for a new trial by adding the ground of newly discovered evidence, and he served certain

affidavits showing the nature of the alleged newly discovered evidence. The defendant at that time had no motion for a new trial pending. There was therefore nothing to amend. It was too late to institute such motion. (Sec. 1182, Pen. Code.)

The judgment and order should be affirmed.

Searls, C., and Belcher, C, concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Garoutte, J., Paterson, J., Harrison, J.