HARRY SCHRAMM

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 21, 1906.*

1. RAPE—*age of male is of the body of the crime of rape without force.* To justify a conviction of the crime of rape without force, it must be alleged and proved not only that the female was under the age of fourteen years but that the male was of the age of sixteen years and upwards. (*Sutton* v. *People,* 145 Ill. 279, and *Wistrand* v. *People,* 213 id. 72, explained and reconciled.)

2. SAME—*when conviction is unauthorized.* Conviction of the crime of rape is unauthorized where the proof shows that the accused was under the age of sixteen years at the time, and there is no proof that the offense was committed with force or violence or without the consent of the female.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

PEIRCE & PEIRCE, for plaintiff in error:

By the common law a boy under fourteen years is conclusively presumed incapable of committing rape whatever be the real fact, and evidence to rebut the presumption is inadmissible. 4 Blackstone's Com. 212; *Rex* v. *Eldershaw,* 3 C. & P. 582; *King* v. *Groombridge,* 7 id. 582; *Regina* v. *Philips,* 8 id. 736; *Regina* v. *Jordan,* 9 id. 118; *Regina* v. *Birmilow,* 9 id. 366; *Regina* v. *Waite,* 2 Q. B. 600; *Regina* v. *Williams,* 1 id. 320.

This presumption of incapacity extends to the offense of assault with intent to commit rape and to the offense of carnal abuse of a girl under age. *Rex* v. *Eldershaw,* 3 C. & P. 582; *Regina* v. *Philips,* 8 id. 736; *Regina* v. *Jordan,* 9 id. 118; *Regina* v. *Waite,* 2 Q. B. 600; *Regina* v. *Williams,* 1 id. 320.

Our successive statutes on rape have recognized, retained and embodied this common law presumption. An early statute, re-enacted in 1874, declared: "Rape is the carnal knowledge of a female, forcibly and against her will. Every male person of the age of fourteen years and upwards who shall have carnal knowledge of any female person under the age of ten years, either with or without her consent, shall be adjudged to be guilty of the crime of rape." Rev. Stat. 1845, sec. 48, p. 158.

This statute defined the two common law offenses of forcible rape and carnal abuse of children. After its re-enactment the statute was amended as to the last offense by raising the age of the male to sixteen years and that of the female to fourteen years, and adding the proviso that a male fourteen years and upwards could still be guilty of forcible rape. Laws of 1887, p. 171; Crim. Code, sec. 237.

If it was sought to charge plaintiff in error with the first offense defined in this statute, then it was essential for the

indictment to allege and the proof to show that the act was forcible and against the will of the female, regardless of her age. *Porter* v. *People,* 158 Ill. 370; *Bonner* v. *State,* 65 Miss. 293; *McQuirk* v. *State,* 84 Ala. 435; *State* v. *Worden,* 46 Conn. 349; *State* v. *Johnson,* 100 N. C. 494.

If the intention was to try plaintiff in error for the second offense defined in this statute, then it was essential for the indictment to allege and the proof to show that he was not less than sixteen years of age at the time of the offense. *Wistrand* v. *People,* 213 Ill. 72; *Farrell* v. *State,* 54 N. J. 416; *Hall* v. *State,* 40 Neb. 320.

The allegation in the indictment that the accused was of the age of "fourteen years and upwards" is equivalent to an allegation that he was under sixteen years of age. *People* v. *Mills,* 17 Cal. 276.

Penetration is essential to constitute the offense, and must be proved beyond a reasonable doubt. *State* v. *Grubb,* 55 Kan. 678; *Hardke* v. *State,* 67 Wis. 552; *Davis* v. *State,* 43 Tex. 189.

W. H. STEAD, Attorney General, and W. R. BACH, State's Attorney, for the People:

The People were not bound to prove the age of defendant in the first instance. If he was under fourteen years of age that fact was a matter of defense which he was bound to prove if he wished to avail himself of it. The question would then have arisen as to whether he knew right from wrong and as to whether he had physical ability to commit the crime. *Sutton* v. *People,* 145 Ill. 279; *Johnson* v. *People,* 202 id. 53; *Mitchell* v. *People,* 24 Col. 532; *Peckham* v. *People,* 32 id. 140; *Commonwealth* v. *Scannel,* 11 Cush. 547; *People* v. *Ah Yek,* 29 Cal. 575; *People* v. *Wessel,* 98 id. 352; *State* v. *Knighten,* 39 Ore. 63; 2 Bishop on Crim. Proc. sec. 954.

The slightest penetration is sufficient. 23 Am. & Eng. Ency. of Law, 851.

The fact of penetration may be proven by circumstantial evidence. No particular form of words on the part of the witness testifying to the fact is necessary, nor is expert testimony necessary to prove such fact. 23 Am. & Eng. Ency. of Law, 852; *Bean* v. *People,* 124 Ill. 582.

Evidence that force was used is not necessary when the prosecutrix is under fourteen years of age. *Porter* v. *People,* 158 Ill. 370; *Addison* v. *People,* 193 id. 416.

The defense of *alibi* fails when the evidence can be reconciled with the fact that the defendant might have been at the place where the crime was committed at the time of its commission. *Aneals* v. *People,* 134 Ill. 401.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The indictment in this case consists of two counts, each charging that the defendant, "being a male person of the age of fourteen years and upwards, unlawfully and feloniously did make an assault in and upon one Etta Swallow, then and there being a female person under the age of fourteen, to-wit, five and one-half years, and her, the said Etta Swallow, then and there wickedly, unlawfully and feloniously did ravish and carnally know, contrary to the statute," etc. By motions to quash and in arrest of judgment the point was made that the indictment, and each count thereof, was fatally defective, in that it failed to allege that the defendant was, at the time of the commission of the crime, "of the age of sixteen years and upwards." Both motions were overruled.

Counsel for plaintiff in error rely upon the recent case of *Wistrand* v. *People,* 213 Ill. 72, as sustaining their contention that the indictment is not sufficient. It is conceded that it is held in that case that the defendant's age in such case is a material element of the crime and must be proved by the People in order to authorize a conviction, but it is claimed that the *Wistrand case* is in conflict with the settled law of this State as announced in *Sutton* v. *People,* 145 Ill. 279, and other cases. In the *Sutton case* the indict-

ment charged the offense as at common law,—that is, as having been committed forcibly and against the will of the female,—and it was held that the averment of the defendant's age was mere surplusage and need not be proved by the People; that his age, if under fourteen, was a matter of defense. This, however, is a different case. The attempt in this indictment is to charge the statutory offense of rape without force,—that is, with or without the consent of a female child under the age of fourteen years. The statute defining that crime is: "Every male person of the age of sixteen years and upwards, who shall have carnal knowledge of any female person under the age of fourteen years, either with or without her consent, shall be adjudged to be guilty of the crime of rape." (Hurd's Stat. 1903, chap. 38, par. 237.) By the terms of the statute no person can commit the offense except he be of the age of sixteen years or upwards. We do not think there is any necessary conflict in our former decisions and the *Wistrand case. Johnson* v. *People,* 202 Ill. 53, simply holds that the indictment in that case, which did aver the age of the defendant to be sixteen or upwards, was sufficient, being substantially in the language of the statute. It is true that decisions of other courts are to be found holding that, even under statutes like ours as above quoted, the indictment need not aver the age of the defendant; but they are in conflict with *Wistrand* v. *People, supra,* at least to the extent of holding that the age is a mere matter of defense, our holding being that it is of the body of the crime and must be proved by the People. It would seem to necessarily follow that the indictment should aver that fact.

We are furthermore of the opinion that the conviction of plaintiff in error was not authorized by the evidence in any view of the sufficiency of the indictment. The proof is all to the effect that the defendant was under the age of sixteen, and his father testified, without contradiction, that he was at the time of the commission of the offense under fourteen years of age. There is nothing whatever in the record

tending to prove that force or violence was used or that the crime was committed without the consent of the child.

The judgment of the circuit court must be reversed, and as no conviction can be had under this indictment the cause will not be remanded.                    *Judgment reversed.*