# CHARLESTON.

## STATE v. MINNIE KIRKPATRICK.

### Submitted April 5, 1921. . Decided April 12, 1921.

1.  INDICTMENT AND INFORMATION—PHYSICIANS AND SURGEONS—*Indictment Held Sufficiently to Negative Exceptions and to Charge Practicing Without License.*

    An indictment which avers that defendant without first having complied with sections 9, 10 and 11 of chapter 150 of the Code, governing applicants and the issuing of certificates of license to practice medicine and surgery in this state, and without first having obtained a state license so to do, as required by the laws of this state, did unlawfully practice medicine and surgery, as defined in chapter 150, section 5342-*l*, 8a. XII, Supplement 1918 of the Code, sufficiently negatives the fact of defendant's being of the first class of practitioners described in said section 9. (p. 384).

2.  SAME—*Indictment for Practicing Medicine Without License Held Sufficiently to Negative That Defendant was of First Class of Practitioners Described in Statute.*

   While practitioners of · medicine and surgery since the amendment of said section 9 of chapter 22 of the Acts of 1889, have not been required to submit themselves to examination and obtain new certificates of license, nevertheless prior to that amendment and since the amendment and re-enactment of said chapter 150 in 1882, they have been required to have such certificates of license as a condition of the right to practice medicine and surgery, and the averments of the indictment sufficiently negative the fact that defendant was of the first class of practitioners described in the statute. (p. 384).

3.  SAME—*Indictment for Practicing Medicine Without License Need Negative Exceptions, and not Provisos, of the Statute.*
   In an indictment for a statutory offense like the one described, the pleader need negative only exceptions, not provisos, of the statute.   (p. 385).

Case certified from Circuit Court, Upshur County.

Minnie Kirkpatrick was indicted for practicing medicine without a license.  Indictment quashed, and case certified.

*Reversed, and demurrer overruled.*

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

  *Young & McWhorter,* for defendant.

MILLER, JUDGE:

The circuit court ruled that the following indictment was not sufficient in law, sustained defendant's demurrer thereto, and certified to us the question whether its ruling thereon was correct:

"The Grand Jurors * * * upon their oaths present that Minnie Kirkpatrick, on to-wit: on the ...... day of ....:.., A. D., One Thousand Nine Hundred and Nineteen, within one year next preceding the date of the finding of this indictment, in the County of Upshur, without having first complied with sections 9, 10 and eleven of Chapter 150 of the Code of West Virginia governing the applicants and the issuing of certificates of license to practice medicine and sur-

gery in the Sate of West Virginia, and without first having obtained a state license to do so, as required by the laws of the State of West Virginia, did unlawfully practice 'medicine and surgery' as defined in Chapter 150, Section 5342-*l,* (8a.XII.) Supplement 1918 to the Code of West Virginia. Against the peace and dignity of the State.''

Section 9, chapter 150 of the Code, in so far as pertinent, is as follows: ''The following persons and no others shall hereafter be permitted to practice medicine in this state: (1) All such persons as shall be legally entitled to practice medicine in this state at the time of the passage of this act. (2) All such persons as shall be graduates of a reputable medical college, recognized as such by the state board of health, who shall pass an examination before said state board of health and shall receive certificates therefrom, as hereinafter provided.''

As sections 10 and 11 referred to in the indictment relate to the obtaining and recordation of certificates or licenses issued, and to the proof required of applicants of their educational qualifications to practice, etc., they are not particularly important in the disposition of the case presented.

Section 8a of the said chapter, being section 12 of chapter 11, Acts 1915, defines the term ''practice of medicine and surgery'' as used in the act as ''treatment of any human ailment or infirmity by any method,'' and says that ''to open an office for such purpose or to announce to the public in any way readiness to treat the sick or afflicted, shall be deemed to engage in the practice of medicine and surgery within the meaning of this act.''

Section 15 of said chapter, being section 15 of chapter 150 of the Code, as amended and re-enacted by chapter 93, Acts 1882, defining the offense charged in the indictment, provides: ''If any person shall practice, or attempt to practice, medicine, surgery, or obstetrics in this State, without having complied with the provisions of section nine of this chapter, except as therein provided, he shall be guilty of a misdemeanor and fined for every such offense, not less than fifty nor more than five hundred dollars, or imprisoned in the

.county jail not less than one months nor more than twelve months, or be punished by both fine and imprisonment, at the discretion of the court.''

The first proposition relied on by the defendant to sustain the ruling of the court below is that neither sections 9, 10 or 11 of said chapter 150 of the Code applies to the remedial or inhibiting clauses of said chapter, but relate solely to the procedure or methods prescribed for applicants to obtain licenses to practice medicine and surgery, and that chapter 11 of the Acts of 1915 in no way purports to amend chapter 150 of the Code, which prescribes penalties for violation of this statute. We find, however that chapter 11 of the Acts of 1915 does by the last provision thereof undertake to repeal all acts and parts of acts inconsistent therewith, wherefore, sections 9, 10, 11 and 12 of said chapter 150 of the Code as previously existing are superseded by the provisions of the act of 1915, so far as repugnant thereto. Section 12 of chapter 11 of the Acts of 1915 specifically provides that, ''The examination of applicants and the issuing of certificates of license thereto shall be governed by sections nine, ten and eleven of chapter one hundred and fifty of the Code of West Virginia'' etc. Moreover, counsel are mistaken in saying that the indictment is under sections 9, 10 and 11 of said chapter 150. It does recite that defendant without having first complied with said sections governing applicants and issuing certificates of licenses committed the offense, but it also charges that defendant ''without having first obtained a state license to do so, as required by the laws of the State of West Virginia, did unlawfully practice 'medicine and surgery' as defined in chapter 150, section 5342-*l*, (8a.XII.)    Supplement 1918 to the Code of West Virginia,'' the latter section being said section 15 of chapter 150 as amended and re-enacted in 1882. So that the effect of the indictment was to charge defendant with violation of said penal provision of section 15 against practicing medicine and surgery without a license as therein provided.

The second proposition and the one mainly relied on is that the indictment fails to negative the right of defendant

to practice medicine and surgery under the condition named in the first clause of section 9, namely, that she was not of the class of practitioners who were legally entitled to practice at the time of the passage of the act. Who were the persons entitled to practice medicine and surgery "at the time of the passage of this act?" This language was brought into chapter 150 the first time by the amendment to section 9 thereof by chapter 22 of the Acts of 1889. Three specific classes are there described, the second being, "All persons not graduates in medicine, but who have practiced medicine in this state *under a certificate* issued by the state board of health, prior to the passage of this act, are authorized to practice medicine in all its departments in this state." This act gave the right: first, to graduates of medical colleges; second, to those not graduates but who had previously obtained licenses from the state board of health; third, to those not belonging to either of the other classes, who should before practicing be examined and obtain a certificate to practice from the state board of health. So the second class in the act of 1889 became the first class by the amendment of the same section by chapter 7 of the Acts of 1895, and remained so by the same description in the amendment thereof by chapter 66 of the Acts of 1907, the same now contained in the Code, since which time this section has not been amended. It is manifest therefore that since the amendment of section 9 in 1889 no person of the first class in the present statute was entitled to practice medicine and surgery without a certificate of license. This being so, does not the averment of the indictment that the defendant unlawfully practiced medicine and surgery without having first obtained a state license sufficiently negative the fact that defendant was of the first class as well as of the second class? In either case, if she had not procured a license in the manner pointed out in the statute, she would be guilty of violation of said section 15 of chaper 150.

All other provisions of the statute relied on, under which defendant would protect herself, are covered under provisos and are clearly defensive. The pleader need negative excep-

tions only, not provisos. *State* v. *Richards,* 32 W. Va. 348, 356.

But it is argued that since the act of 1889 practitioners were not required to have a license to practice medicine. This is not a proper construction of the provision of that act. Always since 1882 a practitioner has been required to have a license or certificate; since then if he had a license issued prior to that time, he was not required to submit to an examination or procure a new or additional license; but at no time since 1882 has anyone been entitled to practice medicine without a license or certificate from the proper authority.

For these reasons, we are of opinion that the court erroneously quashed the indictment, and that its rulings thereon should be reversed and the demurrer overruled. Our response will be so certified.

*Reversed, and demurrer overruled.*