# CHARLESTON.

## STATE v. H. A. WRIGHT.

Submitted September 12, 1922.  Decided September 19, 1922.

1. CRIMINAL LAW—*Questions as to Time of Trial, Not Raised
   Below, Not Considered on Appeal.*

   The right of a defendant to be discharged from prosecution
   for failure to bring him to trial within three terms of the
   court after the finding of the indictment is not properly
   presented by demurrer or motion to quash the indictment, but
   by motion only addressed to the trial court, and such motion
   not having been so presented, will not be considered here
   on writ of error.  (p. 501.)

2. INDICTMENT AND INFORMATION—RAPE—*Unnecessary to Allege
   Accused Over 14 Years in Indictment Charging Rape; Fact
   That Accused, Indicted for Rape, Under 14 Years, Matter of
   Defense.*

   In an indictment for rape under section 15, chapter 144 of
   the Code, 1918, it is unnecessary to allege that the defendant
   was over fourteen years of age, and thereby to negative the
   exception contained in the proviso of that statute, such fact if
   true being matter of defense.  (p. 501.)

3. RAPE—*Evidence as to Age of Accused May be Properly Ad-
   mitted Under Allegation Charging Felonious Commission.*

   But if on the trial of such indictment, the age of the de-
   fendant becomes affirmative matter for the State to prove,
   evidence thereof would properly be admitted under the aver-
   ment charging him with wilfully, unlawfully and feloniously
   committing the offense.  (p. 502.)

4. CRIMINAL LAW—*Law at Time Offense Committed Governing
   Character and Punishment; One Convicted of Rape, Electing,
   May be Punished Under Amendment to Law at Time of
   Offense.*

   The statute in force at the time of the commission of an
   offense governs the character of the offense, and generally the
   punishment prescribed thereby, unless, as provided by our
   statute, the defendant elects to be punished as provided in an
   amendment thereof.  (p. 503.)

Error to Circuit Court, Wetzel County.

H. A. Wright was indicted for rape.  Indictment quashed,
and the State brings error.

*Reversed and remanded.*

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, *W. J. Postlethwait,* Prosecuting Attorney, and *H. H. Rose,* for the State.

*Larrick & Lemon,* for defendant in error.

MILLER, JUDGE:

The State is plaintiff in error, and brought the case here to review the judgment below quashing the indictment and discharging the defendant from further prosecution.

The indictment charges that the defendant, "on the .... day of ........, 1919, in said county of Wetzel, in and upon one Clara Taylor, a female child under the age of fourteen years, to-wit, of the age of twelve years, unlawfully and feloniously did make an assault, and her the said Clara Taylor then and there unlawfully and feloniously did carnally know and abuse, against the peace and dignity of the State."

The first proposition urged here in support of the judgment, but not presented to the court below, is that three terms of the court had elapsed after the finding of the indictment without having brought the defendant to trial, and that this fact entiled him to a discharge. Clearly, this point, if well founded in fact, is not properly presented by the demurrer, or its equivalent, the motion to quash; and as the question was not presented to the court below, it is not properly addressed to us, and will not be responded to here.

The second proposition relied on to sustain the judgment is that the indictment charges no offense whatever under the statute, section 15, chapter 144 of the Code. It provides that, "If any person carnally know a female of the age of fourteen years or more, against her will by force, or carnally know a female child under that age, he shall be punished with death, or by confinement in the penitentiary," as prescribed; *"provided,* always, that this section shall not apply to any person under fourteen years of age who carnally knows a female over twelve years of age with her free consent." The contention of defendant's counsel, which seems to have been accepted by the court, is that to make a good

indictment under this statute, it was essential that it should have averred that the defendant at the time of the alleged offense was over fourteen years of age; for if under that age, according to the proviso of the statute, he was incapable of committing the offense upon a female child twelve years of age with her consent. It is conceded as a general proposition that it is unnecessary to negative what comes in by way of proviso, or what is in its nature but a proviso, and not contained in the enacting clause of the statute. *State* v. *Richards,* 32 W. Va. 348, 356; *State* v. *Kirkpatrick,* 88 W. Va. 381. These decisions but follow the general rule of criminal pleading prevailing everywhere, that the indictment need negative exceptions only, not provisos, such matters being defensive and not necessary to be negatived in the indictment.

It is affirmed, however, that one of the constituent elements of the offense forbidden by the statute, is that the offender should have been over the age of fourteen years, unless without the consent of the female, if under that age. Citing for the proposition the recent case of *State* v. *Cunningham,* 90 W. Va. 806, 111 S. E. 835. That case involved a proviso in the so-called worthless check statute. We did hold that the issuance of a check on a bank, without funds in the bank to meet it, as alleged, did not constitute a complete offense, without proof of presentment and notice of protest, and non-payment by the drawer within twenty days thereafter, and that this proviso necessarily operated to restrain the terms of the penal clause and went beyond the mere function of an exception in the ordinary sense of the term, and that it was necessary to consider both clauses in describing and averring the offense. We have no such element in the statute under consideration here, and that case is without special application here. It is argued that the defendant might be guilty of having done the acts charged and nevertheless not be guilty of the crime of rape. How so? The indictment alleges that he "unlawfully and feloniously" made an assault upon a child of the age of twelve

years, and "then and there unlawfully and feloniously did
carnally know and abuse" her.   Do not these averments
cover the age limit and sufficiently negative the fact that
his act was without her consent, even if he should on proof
be shown to be under the age of fourteen years?   The indict-
ment is in accord with well known precedents.   Joyce on
Indictments, Forms Nos. 125 and 126, page 819; 3 Bishop's
New Crim. Proc., (2nd ed.), § 95(2), and cases cited.   One
cited case, that of *Schramm* v. *People,* 220 Ill. 16, is sup-
posed to be contrary to the doctrine of the text.   In Illinois,
however, the statute, in the enacting clause, is made appli-
cable to, "every male person of the age of sixteen years or
upwards."   Our statute is applied to any person who shall
carnally know a female of the age of fourteen years or more
against her will by force, or a female under that age with
or without her consent.   In the prior case of *Sutton* v.
*People,* 145 Ill. 279, as noted in the Schramm case, the in-
dictment charged the offense as at common law, that is as
having been committed forcibly and against the will of the
female, and it was held that the averment of the defendant's
age was mere surplusage and need not be proved by the
people, and that his age if under fourteen years was matter
of defense.   The court also held that there was no conflict
between the two cases.   In the former it was held that an
indictment or information charging defendant with wilfully
and feloniously committing rape upon the person of a female
child under the age of fourteen *implies* an averment that the
defendant was capable of committing the offense, and that
it was unnecessary to allege that he was a male or over
fourteen years of age, etc.   So in the case at bar, the indict-
ment charges the defendant with unlawfully and feloniously
carnally knowing and abusing the female child, impliedly
averring his capacity to commit the crime; and if the State
is bound to show his competency under the law, proof thereof
may be admitted under the indictment in its present form.
Wherefore, this point of objection to the indictment must be
denied.

  Lastly, as to the proposition that said section 15, chapter

144 of the Code, was repealed by chapter 90 of the Acts of 1921, a question which it is said was first suggested by the circuit court, we think there is no merit in this point. The act referred to in effect did amend and re-enact said section 15, by raising the age of the female from fourteen to sixteen years, and the age of the defendant covered by the proviso from fourteen to sixteen years, and limited the offense to any person not the wife of the accused. The old law governs cases arising before an amended statute takes effect, unless otherwise ordered. Section 9, chapter 13, of the Code; *State* v. *Abbott,* 8 W. Va. 741; *State* v. *Mines,* 38 W. Va. 125, point 7 of the syllabus; *Burns* v. *Hays,* 44 W. Va. 503, point 3 of the syllabus.

For the foregoing reasons the judgment below quashing the indictment will be reversed, set aside and annulled, the demurrer overruled, and the case remanded to the circuit court for further proceedings.

*Reversed and remanded.*