# CHARLESTON.

STATE v. WALDO TIPPENS AND RUSSELL MEDLEY.

Submitted September 12, 1922. Decided September 19, 1922.

1.    RAPE—*Indictment For Attempt to Rape Need Not Allege Age of Accused.*

    An indictment charging the defendant with having assaulted, beaten and ill-treated a certain female, with intent then and there violently against her will feloniously to ravish and carnally know her, need not allege the age of the accused. (p. 505.)

2.    CRIMINAL LAW—*Amendment Creating or Defining Crime Does Not Affect Provisions Unaltered.*

    Amendment and re-enactment of a statute creating or defining a crime does not repeal, discontinue nor interrupt the force, effect or operation of such statute, in so far as it remains unaltered by the amendment. (p. 506.)

3.   SAME—*Amendment or Alteration in Statute Defining Crime Does Not Condone Offense Previously Committed.*

Nor does an alteration so made condone, forgive or abrogate an offense committed before the alteration was effected.   (p. 506.)

Error to Circuit Court, Wetzel County.

Waldo Tippens and another were indicted for an attempt to commit the crime of rape. Indictment quashed, and the State brings error.

*Reversed and remanded.*

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, and *W. J. Postlethwait,* for the State.

POFFENBARGER, PRESIDENT:

Under the provisions of Sec. 31 of Ch. 135 of the Code, the State of West Virginia obtained this writ of error to a judgment of the Circuit Court of Wetzel County, quashing an indictment charging the defendants, Tippens and Medley, with an attempt to commit the crime of rape.

As nothing in the record discloses the ground of the motion to quash, nor the supposed defect or infirmity upon which the judgment rests, and no brief has been filed by the defendants in error, only the brief filed on behalf of the State discloses the ground or grounds of the ruling complained of. By it, we are informed the court sustained the motion upon one or both of these disclosures: (1) failure of the indictment to allege the age of the accused; and (2), alteration of the statute relating to the crime of rape, after the date of the alleged offense and the date of the indictment.

In the absence of an exception to the general rule of pleading, based upon some peculiar statutory provision, an averment of the age of the accused, in an indictment for rape or an attempt to commit the offense, is not required. A charge of commission of the crime, or an attempt to commit it, impliedly charges the capacity to do so, lack of such capacity being matter of defense, which need not be anticipated by pleading. Such is the uniform holding in all

jurisdictions.   *People* v. *Ah Yek,* 29 Cal 575; *People* v. *Wessel,* 98 Cal. 352; *Sutton* v. *People,* 145 Ill. 279; *Com.* v. *Schannel,* 11 Cush. (Mass.) 548; *State* v. *Ward,* 35 Minn. 183; *Greenlee* v. *State,* 4 Tex. App. 346; *State* v. *Sullivan,* 68 Vt. 543; 17 Ency. Pl. & Pr. 650; 22 R. C. L., p. 1199; Whar. Cr. Pro. Sec. 1142.

At the date of the indictment, our statute contained nothing exceptional or peculiar, save a proviso rendering it inapplicable to persons under fourteen years of age, who carnally knew females over twelve years of age with their free consent.   This proviso affords mere ground of defense. It is no part of the description of the offense.   In pleading, it does not call for the treatment accorded an exception found in the words of enactment.   *State* v. *Richards,* 32 W. Va. 348; *State* v. *Kirkpatrick,* 88 W. Va. 381; *Hill's Case,* 5 Gratt. 682.

Substantial alterations were made in the statute by the amendments effected by Ch. 90, Acts of 1921, which became operative about two months after the indictment was returned.   It is still a felony for any male person carnally to know a female, not his wife, against her will by force, and also for a male person over the age of sixteen years carnally to know a female, not his wife, under that age.   But, in the proviso, males under sixteen years are excepted in respect to females over twelve years of age, consenting to carnal knowledge.   A modification as to punishment was also effected.   Upon a verdict recommending mercy, the punishment is limited to not less than five, nor more than twenty, years of confinement in the penitentiary.   In these modifications by amendment and re-enactment, the former law was not repealed.   Except in so far as it has been altered, it still remains in force and was not destroyed nor discontinued by the amendments.   *Burns* v. *Hays,* 44 W. Va. 503; *State* v. *Mines,* 38 W. Va. 125.   But, if it had been repealed, an offense committed under it, before repeal thereof, would not be condoned nor forgiven.   Code, Ch. 13, Sec. 9; *State* v. *Abbott,* 8 W. Va 741.   And, in the absence of a recommendation of mercy, one convicted of the crime is still punishable

by death, wherefore, in view of the provisions of Sec. 9, Ch. 152, Code, the charge of felonious attempt was correct at the date of the indictment and is yet.     That section makes an attempt to commit an offense punishable by death, one for which a person may be put to death, upon conviction thereof, a felony.

These conclusions make it manifast that the judgment must be reversed, the motion to quash overruled, the indictment reinstated and the case remanded.

*Reversed and remanded.*