CLYDE H. SCOTT *v.* IRA J. HARSHBARGER, *Sheriff*

(No. 8167)

Submitted April 11, 1935. Decided May 21, 1935.

*F. W. Riggs, H. H. Darnall* and *L. W. Blankenship,* for petitioner.

*E. E. Winters, Jr.,* and *T. W. Peyton,* for respondent.

KENNA, JUDGE:

Clyde H. Scott brought this proceeding in habeas corpus against the sheriff of Cabell County alleging that he is restrained in custody by virtue of a conviction and sentence of the common pleas court of Cabell County, based upon a void indictment for the crime of abortion. The second count in the indictment charged a prior conviction for a felony, but with that we are not here concerned. The charging part of the first count in the indictment, under which Scott was convicted and sentenced, and which he now says is void because it charges no offense, is as follows: "Did unlawfully, feloniously and wilfully employ and use upon the body and womb of one Aletha Henchman Adams, a female, being then and there pregnant with child, a certain instrument, the name of which instrument is to the grand jurors unknown, with intent

then and thereby to procure the miscarriage of the said Aletha Henchman Adams, it not being then and there done by Clyde H. Scott in good faith with the intention of saving the life of such woman or child, against the peace and dignity of the state.'' This indictment follows exactly the form prescribed by Code, 62-9-5. The statutory form, however, omits the charge ''and shall thereby destroy such child, or produce such abortion or miscarriage.'' The language last quoted describes an element of the offense as it is defined by 61-2-8, Code. The question presented for decision is whether the legislature had power to prescribe a form of indictment that omits to charge one of the elements of the offense for which the accused is prosecuted. The secondary question is whether the form of indictment prescribed by the statute, if bad, is simply irregular so that the advantage is to be taken only by writ of error, or whether the omission is such as to render the indictment totally void, so that the conviction and sentence are absolute nullities and habeas corpus will lie.

Undoubtedly, there are very broad powers vested in the legislature with respect to the simplification of common law forms of indictments. Many cases decided in this state and cited in the exhaustive brief of able counsel for the respondent sustain this power of the legislature. Nevertheless, the exercise of this right of the legislature is limited by two provisions found in our constitution. Section 4 of Article III contains the following language: ''No person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury.'' Section 14 of the same Article, referring to trials for ''crimes, and misdemeanors'', contains the following: ''In all such trials, the accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witnesses against him, * * *.'' These two provisions make it perfectly plain that a valid presentment or indictment of a grand jury is, in this state, a condition precedent to a conviction for a felony, and that such indictment or presentment must ''fully and plainly'' inform of the character and cause of the accusation. Since these requirements are laid down by the constitution, of course, the legislature must conform to

them. The question then is, does the indictment in this case, which follows the legislative form, fully and plainly inform the accused of the character and cause of the accusation against him? It is perfectly plain that if the state had proven every single allegation contained in this indictment and no more, it would not have proven the crime of abortion, and upon timely motion, the trial court would have been required to strike out the state's evidence. This being so, it is evident that the indictment does not charge an offense. Can we say that an indictment, which does not charge an offense, fully and plainly informs the accused of the character and cause of the accusation? If this question were answered in the affirmative, the result would be shocking and the consequences incalculable. We have no hesitancy in saying that this form of indictment, therefore, is one that the legislature could not validate. *Williams* v. *State,* 12 Tex. App. 395; *State* v. *Terry,* 109 Mo. 601, 19 S. W. 206; *Bryan* v. *State,* 45 Ala. 86.

In the light of the foregoing discussion, and on the authority of the cases cited, we have no difficulty in reaching the conclusion that this indictment is not only irregular in the sense of a difficulty to be reached by writ of error, but, further, that it is utterly void so that all of the proceedings based on it amount to a nullity, and habeas corpus lies.

The question of whether or not this indictment would be good as an indictment for an attempt is not raised by either side. In fact, it is conceded by both sides that it is not good as such an indictment. Nevertheless, we have considered that phase of the matter and have concluded that, because the indictment does not show the failure to consummate the act intended to be committed, it is not good as an indictment for an attempt. *People* v. *Purcell,* 269 Ill. 467, 109 N. E. 1007; *People* v. *Donaldson,* 341 Ill. 369, 173 N. E. 357. See also *State* v. *Block,* 333 Mo. 127, 62 S. W. (2d) 428. Due to the absence of this averment and to the fact that the indictment in following the statutory form was manifestly intended as an indictment for the principal offense, we do not consider it as coming even within the category of an attempt indictment. It is therefore not necessary to discuss the question of whether the accused has been in jeopardy for any crime whatsoever

by reason of his trial and conviction. The indictment being an utter nullity for all purposes, it necessarily follows that no jeopardy can be predicated upon it.

Since the indictment fails to charge the crime of abortion, the statute (Code, 62-3-18), which permits a conviction for an attempt upon an indictment for felony, has no bearing upon the case.

For the reasons stated, the writ of habeas corpus will be awarded.

*Writ awarded.*