STATE OF WEST VIRGINIA *v.* D. D. McGINNIS

(No. 8147)

Submitted October 1, 1935. Decided October 8, 1935.

474

*Hartley Sanders,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *W. Holt Wooddell,* Assistant Attorney General, for the State.

MAXWELL, JUDGE:

Convicted in Mercer County of issuing and delivering to Mercer Motor Company a worthless check July 18, 1933, for $145.50 and sentenced to two years penitentiary confinement, the defendant prosecutes writ of error. The check purported to be the initial payment on the price of a motor truck purchased on the same date of the motor company by the defendant.

By Code 1931, 61-3-39, the issuing, uttering or delivering "with intent to defraud" of a worthless check for $20.00 or more, for the purpose of obtaining credit or thing of value, when the maker or drawer knew at the time that he did not have sufficient funds in the drawee bank to pay the check, is a felony punishable by confinement in the penitentiary.

By the very language of the statute, intent is of the gravaman of the offense. Where intent is a prescribed element of a statutory offense, it is necessary in a prosecution based on the statute that intent be averred and proved. An indictment for such offense, not averring intent, is fatally defective. 1 Wharton's Crim. Procedure (10th Ed.), sec. 209(3); *State v. Sprague,* 111 W. Va. 132, 161 S. E. 24. Nor does the use in such indictment of the word "unlawfully" overcome the defect. See case just cited. Such omission is not cured by the criminal statute of jeofails (Code, 62-2-11) after verdict. That statute provides: "Judgment in any criminal case, after

a verdict, shall not be arrested or reversed upon any exception to the indictment or other accusation, if the offense be charged therein with sufficient certainty for judgment to be given thereon, according to the very right of the case.'' The purpose of the statute is to cure inconsequential defects and not basic ones. *State* v. *Davis,* 87 W. Va. 184, 104 S. E. 484; *State* v. *Robison,* 109 W. Va. 561, 155 S. E. 649; *Old* v. *Commonwealth,* (Va.) 18 Gratt. 915.

Though the bad check statute, *supra,* prescribes ''intent to defraud'' as an element of the offense, the indictment at bar contains no averment in respect of intent. Such failure renders the indictment incomplete and insufficient. The offense inhibited by the statute is not charged. Precise proof of all the charges contained in the indictment would not convict the accused of the crime defined by the statute. An indictment thus incomplete is void. *Scott* v. *Harshbarger,* 116 W. Va. 300, 180 S. E. 187. As in that case, the indictment here is based on a statutory form. Code, 62-9-15. The form is bad for reasons stated.

Though the sufficiency of this indictment was not challenged in the trial court by motion to quash, demurrer or motion in arrest of judgment, the defect is of such serious nature that it should have been taken into consideration by the court on the motion to set aside the verdict and award a new trial. By failure to demur to or move to quash an indictment, an accused waives any benefit he might have taken of secondary defects therein, but he does not waive primary defects—''does not waive the objection that the facts stated do not constitute an offense.'' 31 Corpus Juris, page 823; *Herron* v. *State,* 118 Miss. 420, 79 So. 289; *State* v. *Robinson,* 74 Ore. 481, 145 P. 1057; *State* v. *Martin,* 54 Ore. 403, 100 P. 1106; *People* v. *Grinnell,* 9 Cal. App. 238, 98 P. 681.

We therefore reverse the judgment, set aside the verdict, and remand the case for further proceedings not at variance herewith.

*Reversed and remanded.*