STATE OF WEST VIRGINIA *v.* HERMAN RAY

(No. 8939)

Submitted January 16, 1940.   Decided January 30, 1940.

*J. V. Brennan*, for plaintiff in error.

*Clarence W. Meadows*, Attorney General, and *Kenneth E. Hines*, Assistant Attorney General, for defendant in error.

RILEY, PRESIDENT:

The defendant, Herman Ray, was indicted and convicted for statutory rape upon Wilma McClure, a female under sixteen years of age. A writ of error to the circuit court of Kanawha County was refused.

The sufficiency of the indictment, which was drawn in the form prescribed by Code, 62-9-7, is in question. The indictment, following the prescribed form, does not state that the defendant was "over the age of sixteen years", and that prosecutrix was "of previous chaste character", notwithstanding Code, 61-2-15, defines the crime as follows: " * * * if any male person over the age of sixteen years carnally know a female person of previous chaste character, not his wife, under that age, he shall be guilty of a felony * * * ."

This Court has held that an indictment, although based upon the statutory form, which omits one of the elements of the offense as defined by statute, is demurrable. *Scott v. Harshbarger, Sheriff,* 116 W. Va. 300, 180 S. E. 187; *State v. McGinnis,* 116 W. Va. 473, 181 S. E. 820. That the female is a person of previous chaste character is an element necessary to the offense of statutory rape. The legislature and revisors of the official Code, 1931, so intended; otherwise, these words would not have been incorporated in the statute. If the female is a person not of previous chaste character and consent is given, the act of carnal knowledge does not constitute rape, either at common law or by virtue of the statute. Though it has been held that the chastity of the female is to be presumed and need not be alleged or proved, we believe the contrary rule sound. See *Dallas v. State,* 76 Fla. 358, 79 So. 690, 3 A. L. R. 1457, and note at 1462. To be distinguished are those cases in which this Court has had under consideration indictments for the common law offense of rape, for example, *State v. Schilansky,* 105 W. Va. 549, 143 S. E. 307.

The instant indictment, it seems to us, is defective also because it does not allege that the defendant is a person over sixteen years of age. Such fact is, in our opinion, as much an element of the statutory crime, by reason of its

inclusion in the definition, as that of "previous chaste character", and the failure to allege it renders the indictment demurrable. In *State* v. *Wright,* 91 W. Va. 500, 113 S. E. 764, and *State* v. *Tippens and Medley,* 91 W. Va. 504, 113 S. E. 751, this Court held that an indictment for statutory rape was not defective simply because it failed to allege that defendant was over fourteen years of age, the age limit provided by Barnes Code 1918, Chapter 144, Sec. 15. The present requirement that defendant be over sixteen years of age is in the body of Code, 61-2-15, while the age requirement contained in Barnes Code 1918 is embraced in a proviso of the statute. The rule of criminal pleading, prevailing in this state, does not require that an indictment negative what comes into the statute by way of proviso. *State* v. *Wright, supra,* 502 of 91 W. Va.; *State* v. *Tippens and Medley, supra,* 506 of 91 W. Va.; *State* v. *Kirkpatrick,* 88 W. Va. 381, 106 S. E. 887; *Stockton* v. *Morris,* 39 W. Va. 432, 443, 19 S. E. 531; *State* v. *Richards,* 32 W. Va. 348, 356, 9 S. E. 245, 3 L. R. A. 705. See also, *Commonwealth* v. *Hill,* 5 Gratt. 682, 46 Va. 682. For discussions of the operation of proviso clauses in penal statutes, see generally, *State* v. *Cunningham,* 90 W. Va. 806, 111 S. E. 835, and 40 West Virginia Law Quarterly, 64.

We therefore are of opinion that the demurrer to the indictment should be sustained.

The judgments of the circuit and intermediate courts are reversed, the verdict of the jury set aside, and the indictment quashed.

*Judgments reversed; verdict set aside; indictment quashed.*

KENNA, JUDGE, concurring in part, dissenting in part.

It strikes me that the part of the opinion discussing the necessity of alleging the age of the accused in an indictment for rape is predicated upon a *non sequitur.* I agree with what has been said concerning a proviso clause in a penal statute. I do not, however, think that it necessarily follows that the age of the accused becomes a part of the

42

indispensable definition of the offense and that it must be charged in the indictment and proved beyond a reasonable doubt before a conviction can be sustained. Of course, the general rule of statutory construction which distinguishes provisos from the body of the enactment is conceded. However, that rule has not been generally applied to statutory rape, and the clear weight of authority is to the effect that where a statute contains a provision that if a person of a certain age and upward shall have carnal knowledge of a female under a prescribed age, though with her consent, he shall be guilty of rape, the age of the accused need not be alleged in the indictment. See the annotation to the case of *Schramm* v. *People*, 220 Ill. 16, 77 N. E. 117, in 5 Ann. Cas. 111. Age of the accused has not a remote bearing upon the conduct which constitutes the offense, so the question being one of first impression in this state, I would follow what I believe to be the more workable rule and place the initiative of raising the issue and the burden of proof where the required information is more available so that the mere failure to adduce proof in cases where the question is not raised might not result in a number of unmerited acquittals. I cannot perceive how an undue burden upon the accused would result.

Otherwise I am in accord.