*State ex rel.* DENVER HERSHEL CAIN

*v.*

OREL J. SKEEN, *Warden, etc.*

(No. 10526)

Submitted January 14, 1953. Decided February 10, 1953.

Lovins, Judge, concurring.

*Richard F. Pence,* for relator.

*John G. Fox,* Attorney General, *T. D. Kauffelt,* Assistant Attorney General, for respondent.

Browning, Judge:

The relator, Denver Hershel Cain, a prisoner in the State Penitentiary at Moundsville, invoked the original jurisdiction of this Court by filing with it, on November 11, 1952, his petition for a writ of *habeas corpus ad subjiciendum* to be directed to Orel J. Skeen, warden of this penal institution. A writ was issued by this Court, on November 17, 1952, commanding the respondent to produce the body of the relator before this Court and show cause why he detains and restrains the relator from his liberty. The writ was made returnable on January 14, 1952, at which time the respondent produced the relator and filed a demurrer to the petition upon the ground that it is insufficient in law for the reason that an indictment for statutory rape need not allege the age of the accused.

The offense for which the relator is serving a sentence in the State Penitentiary is statutory, Code, 61-2-15, reading as follows: "If any male person carnally know a female person, not his wife, against her will by force, or if any male person over the age of sixteen years carnally know a female person of previous chaste character, not his wife, under that age, he shall be guilty of a felony, and, upon conviction, shall be punished with death or with confinement in the penitentiary for life, in the discretion of the court, or, if the jury add to its verdict a recommendation for mercy, with confinement in the penitentiary for not less than five nor more than twenty years: Provided, that this section shall not apply to any male person under sixteen years of age who carnally knows a female over twelve years of age with her free consent. * * *"

The Legislature of this State, subsequent to the enactment of the provision last quoted, undertook to set out

a form of indictment for certain criminal offenses, and the following is the form provided by Code, 62-9-7, for the offense of statutory rape:

"* * *

"And if the female be a child under the age of sixteen years, the indictment shall be sufficient if it be in form, tenor or effect as follows after following the form in section one [§ 6263]:

"That A_____, on the_____day of_____, nineteen_____ _____in the said county of_____, in and upon one B_____, a female child, not his wife, under the age of sixteen years, did feloniously make an assault, and her, the said B_____, then and there did feloniously and carnally know, against the peace and dignity of the State."

The indictment returned by the grand jurors of Wirt County follows the statutory form, but the indictment and the statutory form vary from Code, 61-2-15, in that neither contains the phrase "a male person over the age of sixteen years" in referring to the defendant, the relator here. The relator contends that the indictment to which he pleaded guilty was void by virtue of the fact that it did not allege that he was a male person over the age of sixteen years, and being void, that he is illegally restrained, and entitled to the extraordinary relief which he seeks in this Court.

It is well established in this jurisdiction that a prisoner cannot waive the defects in a void indictment, and a determination that the indictment in question in this case was void entitles the relator to the relief he seeks. In *State* v. *Ray,* 122 W. Va. 39, 7 S. E. 2d. 654, pt. 2 syl., reads as follows: "An indictment for statutory rape as defined by Code, 61-2-15, which fails to allege that the prosecutrix was of previous chaste character and that the accused is over sixteen years of age, is defective, notwithstanding the same was drawn in conformity with the form set forth in Code, 62-9-7." The indictment in that case was

attacked by demurrer, and the Court held that the demurrer should have been sustained because the indictment failed to charge that the prosecutrix was "of previous chaste character", and that the defendant was "a person over sixteen years of age." The majority of this Court held the indictment invalid upon both grounds, with Judge Kenna dissenting in part, and upon the exact question presented in this case.

The attorney general does not urge a differentiation of these cases upon the ground that one of the indictments was promptly and seasonably attacked by demurrer, and in the instant case that the defendant pleaded guilty to the indictment, and a year and a half thereafter seeks his freedom upon the ground that the indictment to which he pleaded guilty was void. However, counsel does strongly urge that *State* v. *Ray, supra,* be specifically overruled in so far as it holds that an allegation that the defendant is a male person over the age of sixteen years is essential to the validity of the indictment.

The fact that the Legislature of this State has adopted a form of indictment does not make such valid if it fails to incorporate therein all of the elements of the offense as defined by statute. *Scott* v. *Harshbarger, Sheriff,* 116 W. Va. 300, 180 S. E. 187; *State* v. *McGinnis,* 116 W. Va. 473, 181 S. E. 820.

Section 4 of Article III of the Constitution of West Virginia provides that: "* * * No person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury. * * *" Section 14 of the same Article, referring to trials for crimes and misdemeanors, contains the following: "* * * In all such trials, the accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witnesses against him, * * *." A statutory form of indictment to be valid must be in full compliance with the provisions of the last quoted section of the Constitution.

An examination of the reported cases in other jurisdictions indicates that *State* v. *Ray, supra,* represents the minority view upon this question.

In *People* v. *Ah Yek,* 29 Cal. 575, the court said: "* * * After providing for the punishment, it adds: 'Any person of the age of fourteen years and upward, who shall have carnal knowledge of any female child under the age of ten years, either with or without her consent, shall be adjudged guilty of the crime of rape,' etc. The indictment would have been good without averring the age of the child. * * * The fact that it is averred does not change the rule, and make it necessary to aver the age of the party who commits the offense.* * *"

The California court, in *People* v. *Wessel,* 98 Cal. 353, 33 P. 216, in following the same rule laid down in the *Ah Yek* case, stated as follows: "The first point made is that the court erred in overruling defendant's demurrer to the information on the ground that it did not state facts sufficient to constitute a public offense. The information charges rape upon the person of a female child under the age of 14 years, but does not state that the defendant was a male, or over the age of 14 years, or, if under that age, that he possessed physical ability, as required by section 262 of the Penal Code, to commit the offense. This is not necessary. If the defendant was incapable of committing the offense, such fact may be shown in defense; but the averment that he was capable is implied in the charge that he wilfully and feloniously committed the act.* * *"

There are many cases from other jurisdictions to the same effect. In 44 Am. Jur., Rape, § 61, we find that: "* * * By the weight of authority, indictments drawn under statutes providing that any person of a certain age and upwards who shall have carnal knowledge of a female under a certain age, although with her consent, shall be adjudged guilty of the crime of rape need not allege the age of the defendant. This rule is, however, not universal. It has been held in construing a statute of

that kind that an indictment for the offense must allege that the accused was at the time of the statutory age and upwards, as the offense cannot be committed by a younger person."

The West Virginia cases of *State* v. *Wright,* 91 W. Va. 500, 113 S. E. 764, and *State* v. *Tippons and Meadley,* 91 W. Va. 504, 113 S. E. 751, hold that, under the law in effect at the time they were decided, it was not necessary in an indictment for statutory rape to allege the age of the accused, that being a matter of defense. However, under the provisions of § 15, Chapter 144, Barnes Code, 1918, in effect at that time, the provisions of the applicable statute fixing the age above which the accused would be guilty of the offense was in the form of a proviso. In *State* v. *Ray, supra,* this Court said: "* * * The rule of criminal pleading, prevailing in this State, does not require that an indictment negative what comes into the statute by way of proviso.* * *" Cited in support thereof were the *Wright, Tippons* and other cases. To the same effect is *Schramm* v. *People,* 220 Ill. 16, 77 N. E. 117.

It will be noted from an examination of the authorities upon this subject, which, as heretofore stated, represent the majority view, and are contrary to the holding of this Court in *State* v. *Ray, supra,* that their conclusion that it is unnecessary to allege the age of the accused in an indictment for rape is based upon the theory of incapacity of the male person to commit the offense charged, and properly matter of defense. We agree with the contention of counsel for the State, and with the principles enunciated in *State* v. *Vineyard,* 81 W. Va. 98, 93 S. E. 1034, that it is generally not necessary to negative the presumption of incapacity of an infant under fourteen years of age to commit the crime charged against him in an indictment. We have no quarrel with the statement of Judge Miller, who wrote the opinion in the *Vineyard* case, to the effect that: "We think it is, at least, the fact that the accused is within 'the dubious age of discretion', as some of the books describe it, is matter of defense, and when this fact is shown the burden is then cast upon the state of

showing that notwithstanding his age, the accused was doli capax, and criminally responsible for his crime."

In the *Vineyard* case, the defendant was an eleven year old boy charged with the crime of murder. If we attempt to apply this well established principle to the crime of statutory rape in this State, we must say that it was the intention of the Legislature to extend the "dubious age of discretion" of the male sex from fourteen years to sixteen years, apply the rule in only one type of criminal case, and permit the general rule applicable to all other criminal cases to remain at fourteen years. While the Legislature of this State may have the authority to fix an arbitrary age over which all male persons may be guilty of the offense charged in the indictment, in this case neither it nor any other legislative or judicial body can fix the day, the month or the year when a male person actually becomes capable of committing the sexual act. They can no more fix a date for the beginning of such capacity in a male person than can they fix the date of its ending, and probably would be less accurate in the former than in the latter. It is well established in this jurisdiction, and elsewhere, that an infant under the age of seven years is conclusively presumed to be incapable of committing a crime; that an infant between the ages of seven and fourteen is *prima facie doli incapax,* the burden being upon the State to overcome this presumption by clear and convincing proof, and that all persons over the age of fourteen are presumed capable, therefore, the burden rests upon them to show the contrary. These principles of law are applicable to all criminal cases including rape. The Legislature of this State, for some reason, in 1921, changed the age at which a male person would be guilty of this offense from fourteen to sixteen years. It is obvious from an examination of the present statute that the Legislature had no intention of even inferring that a male person under the age of sixteen years is incapable of performing the sexual act, because Code, 61-2-15, says: "Provided, that this section shall not apply to any male person under sixteen years of age who

carnally knows a female over twelve years of age with her free consent.", and further that: "Any female person over the age of sixteen years who shall carnally know any male person, not her husband, under that age shall be guilty of a misdemeanor,* * *."

It is apparent that the Legislature was not attempting to fix the age at which a male person could perform the sexual act, and that it was not attempting to change the well established rule of law in this jurisdiction that all persons over the age of fourteen years are presumed to be capable of committing all crimes, and are legally responsible therefor. The earliest English cases indicate that it was necessary under the common law for force to be used by a male person against a female person to constitute the offense of rape regardless of the age of the parties. The crime of forcible rape may be committed by a boy under the age of sixteen years under our law, and he is subject to prosecution under well established legal principles in the same manner as if he had committed some other crime. The Legislature of this State has very properly exercised its prerogative to create a new crime separate and apart from the common law crime of rape involving sexual relationship between the opposite sexes under certain circumstances, specifically set out in Code, 61-2-15. If the female person is over the age of sixteen years, or, being under that age, is not of previous chaste character, or, if she be the wife of the accused, this offense cannot be chargeable to the male person, though he does have sexual relations with the female. Those certainly are essential elements of the crime. On the other hand, if the male person is one day under sixteen years of age, he may, with complete immunity, engage in sexual relations with a female person between the ages of twelve and sixteen. It would seem that the Legislature contemplated that such sexual acts might occur in youths under sixteen years of age, and elected not to make the male person more responsible for this juvenile lasciviousness than the female person. Therefore, we are of the opinion that the age of the male person was intended to be, and

is, an essential element of the crime of rape under our statute, and is as much a part of it as the age of the female person, or her chastity prior to having sexual relations with the relator. The relator was not fully and plainly informed of the character and cause of the accusation against him, as required by Section 4, Article III, of the Constitution of this State, inasmuch as the indictment charging him with the offense failed to contain one of the material elements of the crime he was alleged to have committed, and since the indictment failed to contain the material allegation that he was a male person over the age of sixteen years, the indictment is void.

Inasmuch as the indictment to which the defendant entered a plea of guilty, and by virtue of which he is now confined in the State Penitentiary at Moundsville, is void, it is the opinion of this Court that upon the writ of *habeas corpus ad subjiciendum,* heretofore issued, the respondent shall forthwith release the relator from custody.

*Relator discharged.*

LOVINS, JUDGE, concurring:

I concur in the discharge of the relator, but I do not agree that the following words should be in the first point of the syllabus: "* * * that the prosecutrix was of previous chase character * * *".

We do not have such question before us on the record. Though the first syllabus point is quoted from *State* v. *Ray,* that part of the quoted syllabus point relating to the chaste character of the prosecutrix could and should have been deleted. The chaste character of the prosecutrix was duly alleged in the indictment here considered and hence that question is not before us in this proceeding. The only question before us is the failure of the state to allege that the relator was over the age of sixteen years. I think that a syllabus of an opinion should not be burdened with statements which are not a point of decision; hence this criticism.