# CHARLESTON.

### STATE v. E. E. MORRISON.

Submitted April 30, 1924.   Decided June 16, 1924.

1. · PHYSICIANS AND SURGEONS—*Indictment for Unlawful Practice of Medicine Without License Held Not Demurrable.*

    An indictment which charges that the defendant "without having first complied with sections 9, 10 and 11 of chapter 150 of the Code of West Virginia governing the applicants and issuing certificates to practice medicine and surgery, in the State of West Virginia, and without having first obtained a state license so to do as required ' by the laws of the State of West Virginia, did unlawfully practice medicine and surgery as defined in chapter 150, section 8-A, Barnes' West Virginia Code Annotated, 1923" is not subject to demurrer because it does not point out the particular acts done by defendant. p. 675).

2. CRIMINAL LAW—*On Demurrer to Indictment Held Supreme Court Will Not Determine Whether Chiropractor Comes Within Statute Forbidding Practice of Medicine and Surgery Without License on Indictment Charging Unlawful Practice.*

    Upon demurrer to such an indictment this court will not determine whether one who, without the license prescribed, practices chiropractic does or does not come within the inhibitions of the statute, since the particular acts performed by him in the practice of his profession are not described. (p. 675).

    MILLER, JUDGE, absent.

Certified case from Circuit Court, Raleigh County.

E. E. Morrison was indicted for practicing medicine and surgery without a license. A demurrer to the indictment was overruled and the questions arising thereon certified for review.

*Affirmed.*

*D. D. Ashworth,* Prosecuting Attorney, *David Lilly,* Assistant Prosecuting Attorney, *Carl C. Sanders* and *C. M. Ward,* for the State.

*Morris, Winter, Esch & Holmes, McGinnis, Maxwell & McGinnis,* and *Poffenbarger, Blue & Dayton,* for defendant.

MEREDITH, PRESIDENT:

The circuit court of Raleigh County overruled a demurrer to an indictment charging defendant with practicing medicine and surgery without having obtained a license so to do, and certified the questions arising thereon for review.

The indictment is almost identical in language with that in *State* v. *Kirkpatrick,* 88 W. Va. 381, 106 S. E. 887, found under the same statute, wherein the indictment was sustained. The chief ground relied on there was that the indictment failed to negative defendant's right to practice medicine and surgery under the condition set out in the first clause of section 9, chapter 150, Code; in other words, it failed to state that defendant was not of the class of practitioners who were legally entitled to practice at the time of the passage of the act. The same ground is suggested here, but not urged. We need not give it consideration further than to refer to that case.

The main ground relied on in this case is that the statute is unconstitutional.

It is contended that it is an arbitrary and unreasonable exercise of the police power of the state. Of course, they do not contend that the state can not regulate the practice of medicine and surgery by requiring one who engages in such practice to obtain a license or certificate as evidence of his qualifications; nor do they contend that the state can not prescribe such qualifications. These questions are foreclosed by the decision in the case of *State* v. *Dent,* 25 W. Va. 1, affirmed in 129 U. S. 114.

It appears from briefs of counsel that defendant is a chiropractor; that he was engaged in the practice of his profession, and was indicted for practicing medicine and surgery without having obtained a license so to do. But this does not appear from the indictment itself. The particular acts which defendant did are not set forth in the indictment. What he does in the practice of his particular profession does not appear upon the face of the pleading, and that is all that we can consider. It would be unfair both to the state and to defendant for us to determine, upon a demurrer to the present indictment, whether one who practices chiro-

practic practices medicine and surgery within the meaning of the sections under consideration. For these reasons we must decline to answer the numerous particular questions certified. Suppose that defendant has no qualifications of any kind or character; that he engaged in the practice of medicine and surgery; could it be said that the indictment is insufficient to cover such a case? We think not. We must take the indictment for what is says. We are not called upon to determine what particular acts constitute the practice of medicine and surgery. That question will be met when it arises. ·

It is urged that the statute is unreasonable and arbitrary, because it prohibits the administration of the simplest remedies; that a mother can not give her child any medicine, not even a simple home remedy; one can not render first aid to the sick or injured, without violating the statute, until one has procured a doctor's license or certificate. We think this is entirely at variance with the manifest object of the statute. It should receive a reasonable construction, and so construing it, it can not be held to prohibit the acts mentioned. But it would be improper for us, upon the present record, to determine whether the practice of chiropractic, without the license or certificate prescribed by the statute is inhibited.

The ruling of the circuit court is affirmed, and it will be so certified.

*Affirmed.*