# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## BAILEY v. THE COMMONWEALTH.

### November 15th, 1883.

1. CRIMINAL JURISDICTION AND PROCEEDINGS—*Indictment—Statutory offence.*—In describing an offence under a statute, the indictment must follow the statute, and any material variance will be fatal.

2. CONSTRUCTION OF STATUTES—*Obstructing roads, &c.—Averment of scienter.*—In Criminal Procedure, ch. 26, § 1, an essential of the offence therein described, is the *scienter.* Failure of indictment to aver the *scienter,* is fatal.

3. IDEM—*Public road—Contempt of court.*—Under that section a "road," which has merely been ordered to be opened, but has never been actually opened, is not *a road,* such as that section prescribes a penalty for obstructing. Resisting the execution of the court's order to open such "road," is not an offence under that section, but is a contempt of the court.

4. IDEM—*Evidence—Onus probandi.*—Where one is indicted under said section, the *onus* of proving that the road alleged to have been obstructed was, at the time of the offence, a regularly established and open road, rests on the Commonwealth.

Error to judgment of circuit court of Prince William county, rendered 15th May, 1883, affirming judgment of county court of said county, rendered 14th December, 1882, against the plaintiff in error, Chapin Bailey, for a fine and the costs of an indictment against him, under criminal procedure of 1878–9, ch. 26, § 1, for obstructing a road. The indictment charged " that Chapin Bailey, on the —— day of July, 1881, in the county aforesaid, did unlawfully and injuriously put and place, and cause to be put and placed upon and across the common highway leading from Hickory Grove to the mountain road, divers pieces of tim-

ber, rails and other material, and did unlawfully suffer the same to be and to remain there," &c. The defendant moved to quash the indictment. The county court overruled the motion. At December term, upon trial, the jury found the defendant guilty, as alleged in the indictment, and assessed his fine at two dollars. Defendant moved for a new trial, and in arrest of judgment; which motions were overruled, and defendant excepted, and judgment was entered accordingly. From the judge of the circuit court of said county defendant obtained a writ of error; upon hearing whereof the circuit court affirmed the judgment of the county court. To which judgment of the circuit court, the plaintiff in error obtained from one of the judges of this court a writ of error and supersedeas. The remaining facts are stated in the opinion.

*C. E. Nicol,* for the plaintiff in error.

*F. S. Blair, Attorney-General,* for the Commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

Having stated the facts, the learned judge proceeded:

We are of opinion that the indictment under which the plaintiff in error was tried is defective and insufficient in law. The prosecution was for a statutory offence, under § 1, ch. 26, of the Criminal Revision Acts of 1877–8, which says: "Any person who shall *knowingly* and *wilfully,* without lawful authority, obstruct any road," &c., &c. The indictment, in describing and charging the offence, says that " Chapin Bailey, on the —— day of July, in the county aforesaid, did *unlawfully* aud *injuriously* put and place," &c., &c. This, we think, is a fatal variance between the statutory definition of the offence and the allegations in the indictment.

In no case can argument or inference supply the total want of averment of an essential part or element of the offence. Minor's Crim. Synopsis, 225; Pea's case, 2 Gratt. 629; Hampton's case, 3 Gratt. 590; Howell's case, 5 Gratt. 664; Boyle's case, 14 Gratt. 675; Young's case, 15 Gratt. 664.

In the case at bar, the essential part of the offence, of which there is no averment in the indictment, is the *scienter*. The statute in describing the offence declares that it must have been *knowingly* committed; and "under statutes where guilty knowledge is a part of the definition of the offence, it must be averred." Wharton's Criminal Law, § 297, and authorities there cited.

The attorney-general cites the case of *Commonwealth* v. *Ruggles*, 10 Mass., p. 391, to sustain his point, that the indictment in this case is good as a common law indictment; and yet there was an arrest of judgment and reversal in that case, and the judge, in delivering the opinion of the court, said: "The offence is not sufficiently described in the indictment until some words are added to it so as to be within the provisions of the statute."

But upon the merits of the case, we think the plaintiff in error was wrongfully and unlawfully found guilty by the jury of obstructing a road or highway which had not, and never has, been actually opened as a public road.

"A highway or road is a public passage, *open* to all the people." Holthouse's Law Dict. 234; Jacob's Law Dict. 274; Tomlin's Law Dict. 787. According to this definition, a road which has merely been ordered to be opened, but never actually opened, cannot be considered a highway or public road; and if the plaintiff in error was guilty of any offence, it was for a contempt of court in resisting the execution of its order to open the road.

But the matter is not left to inference or construction; for Crawford Cushing, the court's own commissioner, who was ordered to *complete* the opening of the road, was a wit-

ness on the trial for the prosecution, and he swore that on the presentation of his report, the court " directed the opening (of the road) to be completed," when " Mr. Bailey at once obstructed the road, and has kept it obstructed ever since."

The *onus* was on the prosecution to prove that the road or highway, for obstructing which the plaintiff in error was indicted and tried, was, at the time of the alleged obstruction, a regularly established and open road or public thoroughfare. Yet the Commonwealth's witness, who was the commissioner ordered by the county court of Prince William to complete the opening, swears that the order of the court was never executed, and the proposed road never opened; and that when he attempted to open it—a year or more after the date of the order of court—he was prevented by the said Chapin Bailey, the owner of the land, who had obstructed the road and has kept it obstructed ever since. On the application of R. C. Latham and others, the county court of Prince William county, at its January term, 1878, appointed Crawford Cushing a commissioner to examine and report upon a certain proposed road upon or through the land of the plaintiff in error. Here the proceeding was permitted to sleep until the June term, 1880, when Chapin Bailey, the plaintiff in error, filed his petition under § 7, ch. 181, Acts 1874–5, p. 178, protesting against the irregularity and unlawfulness of the proceeding; and praying for the appointment of a proper commission to assess his just compensation for his land, and for its allowance to him by the county court.

The law made it mandatory on the court to appoint five disinterested freeholders of the county for the purpose of ascertaining a just compensation for the land to be used for such road; and yet, though petitioned so to do by the land owner himself, a party to the proceeding in court, the county court of Prince William county failed wholly to do so.

Judge Moncure, in the opinion of the court in the case of *Mitchell* v. *Thornton*, 21 Gratt. 178, said: "The proprietor is entitled to receive as compensation at least the value of the land proposed to be taken for the road, or rather the value of the use of the land for the road, which is generally equal to the full value of the land. In addition to the value of the land, or the use of it, the proprietor is entitled to be compensated for the damage to the residue of the tract beyond the peculiar benefits which will be derived, in respect to such residue, from the road; but if the damage to the residue of the tract fall short of such peculiar benefits, then the deficiency is not to be charged to the proprietor, nor deducted from the amount to which he is entitled on account of the land proposed to be taken for the road, as aforesaid."

The plaintiff in error was not guilty of any violation of law in protecting his own property, and in obstructing the unlawful seizure and confiscation of his land, and he was improperly and unlawfully convicted for so doing.

We are of opinion that the circuit court of Prince William county erred in affirming the judgment of the county court, which overruled the motion in arrest of judgment; and the judgment of the county court and the judgment of the circuit court are both reversed and annulled.

JUDGMENT REVERSED.