STATE *v.* GEORGE E. SPRAGUE

(No. 6969)

Submitted September 29, 1931.   Decided October 6, 1931.

*Jarrett & Wilson,* for plaintiff in error.

*Howard B. Lee,* Attorney Geneeral and *R. A. Blessing,* Assistant Attorney General, for the State.

MAXWELL, JUDGE:

The defendant was convicted of transporting intoxicating liquors from one point to another within the state, and a fine was imposed upon him.   Upon this writ of error primary con-. sideration must be given to the defendant's challenge of the sufficiency of the indictment, he having properly made his objections thereto in the trial court.

The indictment was returned in October, 1930, and alleged that the offense had been committeed in June of that year. The indictment is framed as though predicated on section 31a, chapter 32-A, Code 1923.   It negatives in detail the exceptions enumerated in that statute, and if that statute had been in effect at the time of the alleged offense there could be no sound objction to the sufficiency of the indictment; but by section

31a, chapter 64 of the Acts of the Legislature of 1929 the aforementioned section of the Code of 1923 was amended and reenacted. The only basis for the prosecution, therefore, lies in the new enactment. Section 31a, chapter 64, Acts of 1929, does not contain the exceptions enumerated in the old statute and as negatived in the indictment. The new statute inhibits the transportation of intoxicating liquors "intended by any person interested therein to be received, possessed, sold, or in any manner used, either in the original package or otherwise in violation of the prohibition laws of this state." The criticism of the indictment is based on the proposition that under this new statute it is necessary for the indictment to allege that the transporting of liquors was with the intention that the same were to be used in violation of the prohibition laws of this state, and that no such allegation is contained therein.

The point is well taken. It is a time-honored, well established and reasonable rule of criminal pleading that an indictment predicated on a statute which specifically makes intent an element of the defined offense, must aver such intent. "Any intent, which the statute either by implication or expressly requires, must be averred." Bishop's New Criminal Procedure, Vol. 2, sec. 523. "When a particular intent is made by statute a part of the definition of an offense, that intent must be alleged in the indictment and proved, or confessed, to warrant a conviction and sentence under the statute." *Galeo* v. *State*, 107 Me. 474. "Where intent is made an essential element of any offense as defined by statute, by using the words "with intent", an indictment omitting these words will be defective." Hughes Criminal Law & Procedure, sec. 2740. To the same effect: Wharton's Criminal Procedure, Vol. 1, (10th Ed.), sec, 209; Joyce on Indictments, secs. 326 and 375; 16 Corpus Juris, p. 76; *Bailey* v. *Commonwealth*, 78 Va. 19. "In an indictment every fact necessary to constitute the crime intended to be charged must be directly and positively alleged." *State* v. *Welch*, 69 W. Va. 547.

Although the indictment contains the word "unlawfully", this does not supply the essential affirmative allegation of intent. Joyce on Indictments, sec. 375. No such indirect method of accusation will answer the exact requirements of

pleading in criminal procedure. *State* v. *Welch, supra.* The omission of material matter in the description of a criminal offense cannot be covered by such generalities as "unlawfully", "contrary to law" and the like. 31 Corpus Juris, p. 694. "In no case can argument or inference supply the total want of averment of an essential part or element of the offense." *Bailey* v. *Commonwealth, supra.* Where a statutory offense is created not by a person's act alone but by an act and a specified intent, it is as essential, on principle, to allege the intent as it is to allege the act.

The legislature has prescribed forms of indictment for a number of offenses under the prohibition act. Code 1931, 60-2-9. It is argued that because the forms thus prescribed do not contain an averment of intent, there should be no necessity for averring intent in an indictment such as at bar. The reply is that the legislature not having seen fit to prescribe the form of indictment for transporting liquor with intent to violate the prohibition law, it is presumed the legislature intended the rules of the common law, generally applicable in this commonwealth, to apply.

Where the legislature amends and reenacts a statute and the purpose for so doing is manifest from the reenactment, it is the duty of the courts to give reasonable effect to such purpose, if not opposed to organic law. By section 31a, chapter 64, Acts 1929, the legislature eliminated the exceptions contained in the old act, Code 1923, chapter 32-A, section 31a, and provided that any transportation of intoxicating liquor with intention to violate any provision of the prohibition law of the state should constitute an offense. The evident purpose for this change was to broaden and strengthen the law, and to make it clear that the inhibition against transportation was not meant to apply where there was no intention to violate the law, as for example, a peace officer transporting to a place of safety, to be used as evidence, intoxicating liquor which he had confiscated. Such legislative intent must be respected, and in effectuating it the general rules of criminal pleading must be applied in the absence of a legislative substitute therefor.

Over-nicety or prolixity in pleading, either civil or criminal, not only is not required, but is to be discouraged. This does

not mean, however, that fundamentals are to be disregarded. If there is to be reasonable certainty in the administration of the criminal law, if all men are to be dealt with fairly in its administration, there is nothing more basically essential than that an indictment for a statutory offense must specifically charge the accused with having done the things which are prescribed by the statute as constituting the crime. This would seem to be obvious. Short cuts or makeshifts are not to be encouraged. By the exercise of reasonable care and skill in the drafting of indictments the pleader can easily avoid the obvious pitfalls. The courts should not be expected to require less.

We reverse the judgment, set aside the verdict, sustain the demurrer to the indictment and discharge the defendant.

*Reversed; defendant discharged.*