STATE OF WEST VIRGINIA *v.* EARL WOLFE, JR.

(No. 9751)

STATE OF WEST VIRGINIA *v.* EARL WOLFE, JR.

(No. 9753)

STATE OF WEST VIRGINIA *v.* EARL WOLFE, JR.

(No. 9754)

STATE OF WEST VIRGINIA *v.* EARL WOLFE, JR.

(No. 9755)

STATE OF WEST VIRGINIA *v.* EARL WOLFE, JR.

(No. 9756)

STATE OF WEST VIRGINIA *v.* EARL WOLFE, JR.

(No. 9757)

*and*

STATE OF WEST VIRGINIA *v.* EARL WOLFE, JR.

(No. 9752)

Submitted January 16, 1946.   Decided February 5, 1946.

*Ira J. Partlow*, Attorney General, *Ralph M. Hiner*, Assistant Attorney General, *John J. Yankiss*, Prosecuting Attorney, and *K. C. Moore*, Assistant Prosecuting Attorney, for plaintiff in error.

*Wm. Bruce Hoff*, for defendant in error.

KENNA, PRESIDENT:

A misdemeanor indictment was returned against defendant in error for violation of Code, 59-1-32, by the grand jury of Wood County, to which the Circuit Court of that county sustained the defendant's demurrer and motion to quash, dismissing the case. This writ of error was granted to that judgment of the lower court upon the application of the State of West Virginia.

The statute referred to requires county clerks, as well as other officers, upon penalty of being in default and guilty of a misdemeanor to pay to the proper authorities within ten days after the end of the month during which collected, fees, costs, percentages, penalties, commissions, allowances, compensation, income or other perquisite of whatever kind collected by them, the statute placing a time limit upon a required periodic month-

ly accounting by the officers involved and its violation not necessarily involving moral turpitude in the slightest degree. The sustained demurrer is quite lengthy but we believe that its substance can be reduced to the two questions considered by the Circuit Court and dealt with in its written opinion made a part of the record before us. These two questions are:

First: Does the indictment sufficiently charge that the defendant, in failing to make payment as required by statute, was acting as the County Clerk of Wood County in his official capacity or does the indictment charge, as the defendant in error contends, that in so doing he was acting only as a private individual?

Second: Is the indictment fatally refective on the ground of duplicity due to the fact that its averments if regarded as sufficient to properly charge an offense under Code, 59-1-32, also charge an offense under Section 4, Article 9 of the Constitution of West Virginia, the indictment not specifically confining its charge to either?

As to the first question, the indictment alleges that Earl Wolfe, Jr. for the entire year of 1944 was the duly elected, qualified and acting Clerk of the County Court of Wood County and that as such Clerk during the month of November, 1944, he collected certain moneys, described in the terms of the statute, for the sole use of the Treasury of Wood County, naming an aggregate amount, which was to be accounted for and paid by him as such Clerk into the Treasury of the County of Wood and that "the said Earl Wolfe, Jr." defaulted in payment of moneys received by him as such Clerk during the month of November, 1944, by not paying the named sum, or any part thereof, into the county Treasury for a period longer than ten days after the end of said month of November, 1944. We are of the opinion that this is sufficient, and in fact that if the question is approached with exact nicety that it might be reasoned that if a county clerk withheld money beyond the time that the law required it to be paid over on pain of pun-

ishment that in doing so he was not performing the duties required by law and hence was no longer acting as County Clerk; in other words, that his conduct which constitutes a violation of a criminal statute is *ultra vires* his office. However that may be, the allegations of the indictment make it plain that Earl Wolfe, Jr. was County Clerk upon receipt of the money in question; that he received the money in his official capacity; and that the same money was by the same person who received it, not accounted for as required by law. It is not necessary in charging a misdemeanor to adhere to the same strictness that is necessary in charging a felony. In either, however, it is required that the charge be laid with sufficient certainty to protect the accused against double jeopardy. We believe that the defendant here would be so protected against any failure to pay in violation of Code, 59-1-32, which occurred by reason of any money collected by him as County Clerk during the month of November, 1944. It is to be emphasized, however, that that statement does not include an actual misappropriation of funds belonging to Wood County, that being a graver offense than the one charged in the indictment before us. It seems plain that the only way the charge contained in the indictment could be made plainer would be to itemize the entire amount not paid. Even if it were conceded that this could be done without confusion, which is doubtful, we do not believe it is necessary, and do believe that the trial court erred in sustaining the demurrer on that point.

When in addition to the foregoing discussion there is added the observation that Code, 62-2-10, contains the following provision it seems obvious that the argument advanced on the first point by the defendant in error is unsound: "No indictment or other accusation shall be quashed or deemed invalid * * * for the omission or misstatement of the title, occupation, estate or degree of the accused, * * *".

On the question of duplicity we believe the major premise upon which that argument rests is unsound

because Section 4 of Article 9 of our Constitution as to its criminal effect is not self executing. See *McDonald* v. *Guthrie, Judge, et al.*, 43 W. Va. 595, 598, 27 S. E. 844. The section in question reads as follows:

> "The presidents of the county courts, the justices of the peace, sheriffs, prosecuting attorneys, clerks of the circuit and of the county courts, and all other county officers shall be subject to indictment for malfeasance, misfeasance, or neglect of official duty and upon conviction thereof, their office shall become vacant."

Its generic language describes no offenses and prescribes no penalties. The removal from office does not constitute a criminal punishment. That may be done in a non-criminal proceeding.

There are many statutes in this State that the Legislature has enacted for the purpose of discharging the duty imposed upon it by the constitutional provision under discussion. Code, 59-1-32, is one of those statutes, and although the violation of an enabling act, put on the books for the purpose of enforcing a constitutional provision is also a violation of the constitutional provision that requires the act, there cannot be an indictment based upon the constitutional provision alone. It must be implemented by either legislation or the common law before jeopardy can be incurred.

Based upon the foregoing discussion we are of the opinion that the Circuit Court of Wood County erred in sustaining the demurrer and motion to quash. Therefore its judgment is reversed and the case remanded and since cases No. 9751, No. 9753, No. 9754, No. 9755, No. 9756 and No. 9757 involve the identical parties and identical indictments with the exception that each indictment involves a different month and a different sum in the year 1944, the cases being by agreement submitted together, the same order will be entered in each of them.

*Reversed and remanded.*