STATE OF WEST VIRGINIA

*v.*

WILLIAM HARVEY PARKS

(No. 13747)

Decided May 2, 1978.

*Edmund D. Wells, Jr.,* for plaintiff in error.

*Chauncey H. Browning, Attorney General, Richard L. Gottlieb,* Assistant Attorney General, for defendant in error.

MILLER, JUSTICE:

Defendant, William Harvey Parks, appeals from his misdemeanor conviction of possession of less than 15 grams of marijuana. The main error urged is that the indictment and State's Instruction E, a binding instruction, both define the crime of possession without including the element of intent. The statute in question, W.Va. Code 60A-4-401(c), provides in material part:

> "It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription...."

The words "knowingly or intentionally to possess" require proof of intent to possess. The indictment read:

> "... William Harvey Parks on the said ____ day of June, 1974, in the said County of McDowell, did unlawfully possess a quantity of Cannibis, commonly and familiarly known as Marihuana, and as statutorily defined ..."

It can readily be seen that the indictment does not contain the words "knowingly or intentionally" in connection with the word "possess." In *State v. Sprague,* 111 W. Va. 132, 161 S.E. 24 (1931), which involved an indictment for transporting intoxicating liquor, under a statute which used the word "intended," we held the word

"unlawful" is not sufficient to supply the element of intent. The key points in *Sprague* which control the issues raised here are found in its Syllabus Points 1 and 2:

> "An indictment predicated on a statute which specifically makes intent an element of the offense sought to be charged must aver the intent."

> "The use of the word 'unlawfully' in an indictment for a statutory offense does not supply essential affirmative allegation of intent where the statute specifically makes intent an element of the offense."

This Court in *State v. McGinnis*, 116 W. Va. 473, 181 S.E. 820 (1935), discussed W.Va. Code, 61-3-39, which makes it a felony to issue, utter or deliver "with intent to defraud" a worthless check. We held intent was an essential element of the offense and the failure to include it in the indictment rendered it void. The Court cited *Scott v. Harshbarger*, 116 W. Va. 300, 180 S.E. 187 (1935), for the further point that a void indictment could be reached after verdict even though no initial objection was made to the indictment.

That the statute of *jeofailes*, *W.Va.* Code, 62-2-11, will not cure substantial defects in an indictment was discussed at some length in *State v. Jones*, ___ W. Va. ___, 239 S.E.2d 763 ___ (1977). There, we specifically noted that the point can be raised by a motion in arrest of judgment or motion for new trial. ___ W. Va. ___, 239 S.E.2d at 768. The defendant here did raise this defect in the indictment by a motion in arrest of judgment.

This Court has also held that even where the Legislature has prescribed the form of the indictment, if such form does not contain all of the statutory elements of the offense, an indictment drawn under it will be invalid. *State ex rel. Cain v. Skeen*, 137 W. Va. 806, 809, 74 S.E.2d 413, 415 (1953); *State v. Howard*, 137 W. Va. 519, 539-40, 73 S.E.2d 18, 30 (1952); *Scott v. Harshbarger*, 116 W. Va. at 302, 180 S.E. at 188; *State v. McGinnis*, 116 W. Va. at 475, 181 S.E. at 820.

Thus, we follow settled principles when we hold the indictment in the present case is void since it fails to allege the statutory element of intent.

The State suggests that since this is a misdemeanor indictment, it should be viewed with greater liberality, citing *State v. Wolfe*, 128 W. Va. 414, 417, 36 S.E.2d 849, 850 (1946). *Wolfe* did not involve an indictment which lacked an essential element of the crime, but involved the question of whether the indictment sufficiently averred that the defendant was acting in his official capacity. In *State v. Richmond*, 124 W. Va. 777, 22 S.E.2d 537 (1942), a misdemeanor warrant for bastardy was held void and the conviction set aside because the warrant lacked an essential element of the offense. We are not disposed to alter the rule that any indictment which fails to contain a material element of the offense is void.

State's Instruction E was a binding instruction which informed the jury that if they believed beyond a reasonable doubt "that William Harvey Parks, did in the month of June, 1974, have in his control or on his person, in McDowell County, West Virginia, a certain drug commonly known as marijuana, then you should find him guilty as charged in the indictment in this case."

In Syllabus Point 2, *State v. Cobb*, 122 W. Va. 97, 7 S.E.2d 443 (1940), this Court stated: "An erroneous binding instruction is not cured by a correct one," citing a number of prior cases in the opinion. This same principle was followed in our later cases of *State v. Harlow*, 137 W. Va. 251, 268, 71 S.E.2d 330, 340 (1952), and *State v. Pietranton*, 140 W. Va. 444, 467, 84 S.E.2d 774, 789 (1954).

Under the foregoing authorities, reversible error was committed in giving State's Instruction No. E, since it omitted the essential element that the marijuana be knowingly or intentionally possessed. The fact that the defendant had offered and the court gave a correct instruction does not, under our authorities, cure the error.

Another point raised by the defendant is that the court erred in permitting a deputy sheriff to testify that

the substance in fact was marijuana. The deputy was the only witness on this point and testified that he had run a field test on the substance. No foundation was developed as to the nature of the field test, what the test was designed to show, the type of equipment involved or how much training the deputy had in conducting such tests. In *State v. Hood*, 155 W. Va. 337, 342, 184 S.E.2d 334, 337 (1971), and *State v. Dyer*, ___ W. Va. ___, 233 S.E.2d 309, 310 (1977), we stated that the following foundation must be laid before test results are admissible:

> "(1) That the testing device or equipment was in proper working order; (2) that the person giving and interpreting the test was properly qualified; (3) that the test was properly conducted; and (4) that there was compliance with any statutory requirements."

While the record reveals there was no adequate foundation for such opinion, no objection was made to the testimony by defense counsel, and consequently the point cannot serve as a ground of error on appeal. *State v. Knotts*, ___ W. Va. ___, 197 S.E.2d 93 (1973); *State v. Bragg*, 140 W. Va. 585, 87 S.E.2d 689 (1955); *cf. State v. Thomas*, ___ W. Va. ___, 203 S.E.2d 445, 457 (1974) [as to fundamental or constitutional errors].

Defendant also assigns error on the basis the trial court advised the jury that if defendant were convicted the court would be required by law to place him on probation since the amount of marijuana was less than 15 grams. Defendant asserts this instruction was prejudicial as it would tend to influence the jury not to give close consideration to the case since no fine or imprisonment would result from conviction. The general rule appears to be that it is reversible error for a trial court to advise the jury that a suspended sentence will follow from a guilty verdict. Annot., 8 A.L.R.2d 1001; 75 Am. Jur. 2d *Trial* § 889.

This situation is somewhat analogous to our recent case of *State v. Lindsey*, ___ W. Va. ___, 233 S.E.2d 734

(1977), where the issue was whether the jury was given incorrect information as to the defendant's entitlement to parole if the jury recommended mercy in its guilty verdict on first degree murder. There, by virtue of W.Va. Code, 62-3-15, the issue of parole was required to be brought into the case. *See State v. Loveless*, 139 W. Va. 454, 80 S.E.2d 442 (1954). *Lindsey*, however, made it clear that in the ordinary case the issue of parole is not a jury's concern:

> "In summary, the instructions of the trial judge dealing with the possibility of parole foster the dual vice of foisting upon the jury alien issues and concomitantly diluting its own sense of responsibility." [____ W. Va. ____, 233 S.E.2d at 738]

Here, there is no statutory requirement to explain that the defendant would be given probation if a guilty verdict were returned. A jury in the present case could well have been induced to return a guilty verdict on the thought that the defendant would not receive any actual punishment. It was an issue prejudicial to the fact-finding function of the jury. As we stated in Syllabus Point 1 of *State v. Lindsey, supra*:

> "It is the duty of the jury to determine the guilt or innocence of the accused in accordance with the evidence introduced at the trial and it must not concern itself with matters of possible parole or probation."

In *State v. Myers*, ____ W. Va. ____, 222 S.E.2d 300 (1976), we condemned remarks by the prosecuting attorney in his closing argument as to defendant's possibility for parole and held it prejudicial for him to state that if the defendant were found not guilty by reason of insanity that such persons "get out right and left." Here, the error is more substantial since it carried the authority of the court.

For the foregoing reasons, the judgment of the Circuit Court of McDowell County is reversed and the case is remanded.

*Reversed and remanded.*