IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2023 Term

_____

No. 21-0943

_____

FILED

**November 9, 2023**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent,

V.

TIMOTHY R. MAICHLE,
Defendant Below, Petitioner.

_____

Appeal from the Circuit Court of Fayette County
The Honorable Paul M. Blake, Jr., Judge
Criminal Action No. 21-F-130

VACATED AND REMANDED

_____

Submitted: October 11, 2023
Filed: November 9, 2023

Gary A. Collias, Esq.
Public Defender Services
Appellate Advocacy Division
Charleston, West Virginia
Attorney for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Frankie Dame, Esq.
Assistant Solicitor General
Andrea Nease Proper, Esq.
Senior Assistant Attorney General
Charleston, West Virginia
Attorneys for the Respondent

JUSTICE BUNN delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.     "'Generally, the sufficiency of an indictment is reviewed de novo. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations.' Syllabus Point 2, *State v. Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1996); Syllabus Point 3, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999)." Syllabus point 1, *State v. Legg*, 218 W. Va. 519, 625 S.E.2d 281 (2005).

2.     "The requirements set forth in W. Va. R. Crim. P. 7 were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure." Syllabus point 4, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999).

3.     "An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R. Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy." Syllabus point 6, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999).

4.      ""'"[T]o lawfully charge an accused with a particular crime[,] it is imperative that the essential elements of that crime be alleged in the indictment." Syllabus Point 1, *State ex rel. Combs v. Boles*, 151 W. Va. 194, 151 S.E.2d 115 (1966).' Syl. Pt. 4, *State v. Palmer*, 210 W. Va. 372, 557 S.E.2d 779 (2001)." Syllabus point 3, in part, *State v. Johnson*, 219 W. Va. 697, 639 S.E.2d 789 (2006) (per curiam).

5.      "'To support a finding of unlawful wounding under [W. Va. Code § 61-2-9], there must be intent to produce a permanent disability or disfiguration.' [Syllabus point 3,] *State v. Taylor*, 105 W. Va. 298, [142 S.E. 254 (1928)]." Syllabus point 3, *State v. Stalnaker*, 138 W. Va. 30, 76 S.E.2d 906 (1953).

6.      The intent to maim, disfigure, disable, or kill is an essential element of the offenses of malicious assault and unlawful assault pursuant to West Virginia Code § 61-2-9 (eff. 2017).

7.      "'An indictment predicated on a statute which specifically makes intent an element of the offense sought to be charged must aver the intent.' Syllabus Point 1, *State v. Sprague*, 111 W. Va. 132, 161 S.E. 24 (1931)." Syllabus point 1, *State v. Parks*, 161 W. Va. 511, 243 S.E.2d 848 (1978).

**BUNN, Justice:**

This case raises the sufficiency of an indictment for malicious assault, sometimes referred to as "malicious wounding." Petitioner, Timothy Maichle, argues that the circuit court erred by denying his motion to dismiss the malicious assault count of an indictment because it did not reference the intent to "maim, disfigure, disable or kill," which he argues is an essential element of the offense. *See* W. Va. Code § 61-2-9(a) (eff. 2017). The State counters that the circuit court correctly found there are two ways to commit malicious assault: (1) by maliciously shooting, stabbing, cutting, or wounding any person; or (2) by any means causing a person bodily injury with the intent to maim, disfigure, disable, or kill. We find the indictment was insufficient, because it did not include an essential element of the offense of malicious assault. Therefore, we vacate the circuit court's sentencing order and remand this case with instructions to dismiss Mr. Maichle's conviction for malicious assault and re-sentence him on the remaining charges.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Maichle was charged with the following crimes in a three-count indictment dated May 11, 2021: Count One, attempted murder;[1] Count Two, malicious

---

[1] *See* W. Va. Code § 61-11-8 (addressing attempts to commit an offense); W. Va. Code § 61-2-1 (defining the crimes of first- and second-degree murder).

assault;[2] and Count Three, third-offense domestic battery.[3] Relevant to this appeal, Count Two alleged that

> TIMOTHY R. MAICHLE, on or about the 9th day of September, 2020, in the said County of Fayette, committed the offense of "malicious assault" in that he did unlawfully, intentionally, feloniously, and maliciously wound Amanda Maichle, by pushing her from a moving motor vehicle, against the peace and dignity of the State. W. Va. Code § 61-2-9.

On June 8, 2021, Mr. Maichle filed a motion to dismiss this count of the indictment claiming it was deficient because the State omitted the required element of "intent to maim, disfigure, disable, or kill." *See* W. Va. Code § 61-2-9(a) ("If any person maliciously shoots, stabs, cuts or wounds any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she . . . is guilty of a felony and, upon conviction thereof, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. . . .").

The State responded that a person may commit malicious assault two ways: (1) by maliciously shooting, stabbing, cutting, or wounding any person; or (2) by any means causing a person bodily injury with the intent to maim, disfigure, disable, or kill. The circuit court agreed, finding Mr. Maichle was "indicted under the wounding provision

---

[2] *See* W. Va. Code § 61-2-9(a) (defining malicious and unlawful assault).

[3] *See* W. Va. Code § 61-2-28(d) (defining and setting the penalty for third or subsequent convictions of domestic battery among other provisions).

of the statute," so "'intent to maim, disfigure, or kill' need not be set forth in the indictment." Thus, the court denied Mr. Maichle's motion to dismiss by order entered on July 14, 2021.

At the beginning of Mr. Maichle's jury trial, when the court was addressing preliminary matters, Mr. Maichle renewed his motion to dismiss Count Two of the indictment and asked the court to reconsider its previous denial of his motion. The court reaffirmed its original ruling and again denied the motion. Likewise, the circuit court refused Mr. Maichle's proposed jury instruction on malicious assault, which included the element of "intent to maim, disfigure, disable or kill," and, over Mr. Maichle's objection, instructed the jury using the State's malicious assault instruction, which tracked the language in Count Two of the indictment. W. Va. Code § 61-2-9(a).

The jury returned a verdict convicting Mr. Maichle of the felony offenses of attempted second-degree murder, a lesser included offense of attempted first-degree murder; malicious assault; and third-offense domestic battery.[4] Mr. Maichle filed a motion

---

[4] The State filed a recidivist information against Mr. Maichle, and, at his arraignment, he admitted to his prior felony conviction of third-offense domestic battery. *See* W. Va. Code § 61-11-19 (setting out procedure for recidivist proceedings). The circuit court subsequently imposed sentences of one to three years for Mr. Maichle's conviction of attempted second-degree murder (Count One), four to ten years for his conviction of malicious assault (Count Two), and one to five years with a $2,000 fine for his conviction of third-offense domestic battery (Count Three). The court doubled the minimum sentence imposed for Mr. Maichle's conviction of malicious assault from two to four years due to

for a new trial again raising, among other issues, the sufficiency of Count Two of the indictment. He also raised this issue at his sentencing hearing, to no avail. By final order entered on October 20, 2021, the circuit court denied Mr. Maichle's motion for a new trial, again ruling, in relevant part, that Count Two of the indictment was not defective because it sufficiently charged Mr. Maichle with malicious assault. The court reasoned that there are two ways to violate the malicious assault statute, and that Count Two of the indictment "tracks one way by which the crime of malicious assault can be committed and all of the essential elements for committing malicious assault are present." By contrast, the court found that "[t]he missing language which the Defendant claims renders Count Two defective tracks the second manner in which the statute can be violated and the crime committed." The court concluded that "[a]s the language of Count Two contains all of the essential elements of one manner of committing the offense of malicious assault, Count Two is not defective." This appeal followed.

## II.

## STANDARD OF REVIEW

We exercise plenary review when asked to consider the sufficiency of an indictment.

---

his recidivist status. *See* W. Va. Code § 61-11-18 (establishing enhanced sentences for second or third offense felonies). The court ordered that he serve the sentences consecutively.

4

> "Generally, the sufficiency of an indictment is reviewed de novo. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." Syllabus Point 2, *State v. Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1996); Syllabus Point 3, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999).

Syl. pt. 1, *State v. Legg*, 218 W. Va. 519, 625 S.E.2d 281 (2005). Furthermore, "[t]his Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo.*" Syl. pt. 1, in part, *State v. Grimes*, 226 W. Va. 411, 701 S.E.2d 449 (2009). Finally, to the extent our resolution of this matter involves statutory construction, "[i]nterpreting a statute . . . presents a purely legal question subject to *de novo* review." Syl. pt. 1, in part, *Appalachian Power Co. v. State Tax Dep't*, 195 W. Va. 573, 466 S.E.2d 424 (1995).

## III.

## DISCUSSION

As he repeatedly argued below, Mr. Maichle contends that Count Two of the indictment is insufficient because it omits an essential element of the crime of malicious assault: the intent to maim, disfigure, disable, or kill. He tracks the history of the statute to argue that the intent to maim, disfigure, disable, or kill is an essential element of the offense of malicious assault. The State likewise reiterates its prior contention, which was adopted by the circuit court, that there are two ways to commit malicious assault, and the State simply charged Mr. Maichle using the method that requires the State to prove only that he maliciously wounded his victim. The State reasons that use of the disjunctive "or" prior to

5

the referenced intent language supports its interpretation of the statute.[5] We agree with Mr. Maichle and find the circuit court erred by denying his pretrial motion to strike the malicious assault count of the indictment.[6]

Rule 7 of the West Virginia Rules of Criminal Procedure governs the sufficiency of an indictment and requires "a plain, concise and definite written statement of the essential facts constituting the offense charged." W. Va. R. Crim. P. 7(c)(1). This

---

[5] During oral argument, the State employed a tactic that has been used in several recent appeals and asserted, for the first time, new grounds that were not set out in its appellate brief. *See, e.g.*, *Freeland v. Marshall*, No. 22-0109, ___ W. Va. ___, ___ n.3, ___ S.E.2d ___, ___ n.3, 2023 WL 6804937, at *2 n.3 (Oct. 16, 2023) (refusing to address issues raised initially at oral argument); *State v. Folse*, No. 21-0972, ___ W. Va. ___, ___ n.35, ___ S.E.2d ___, ___ n.35, 2023 WL 7320617, at *8 n.35 (Nov. 7, 2023) (same). We reiterate that our rules of appellate procedure require briefs to list the assignments of error presented for review and provide an argument addressing the relevant facts and law. *See* W. Va. R. App. P. 10(c)(3) (requiring petitioner's brief to include a list of assignments of error); W. Va. R. App. P. 10(c)(7) (mandating an "argument exhibiting clearly the points of fact and law presented"); and W. Va. R. App. P. 10(d) (instructing that the respondent's brief must conform with Rule 10(c)). Furthermore, "limiting a party to asserting the issues and arguments in an appeal to those clearly set forth in a party's brief is important." *Argus Energy, LLC v. Marenko*, ___ W. Va. ___, ___, 887 S.E.2d 223, 228 (2023). This is "because raising an issue or argument in an appellate brief provides the necessary notice to both this Court and the opposing party as to what they confront so each can adequately prepare and discharge their respective responsibilities." *Id.* For this reason, the failure to raise issues or arguments in an appellate brief commonly renders them waived, so "appellate courts generally do not consider issues or arguments raised for the first time in oral argument." *Id.* at ___, 887 S.E.2d at 228-29 (footnotes omitted). Therefore, we refuse to consider the State's arguments raised for the first time at oral argument.

[6] Mr. Maichle does not challenge Counts One or Three of the indictment or his convictions of the crimes of attempted second-degree murder and third-offense domestic battery set out in those counts. This appeal is limited solely to his conviction for malicious assault.

6

Court has explained that "[t]he requirements set forth in W. Va. R. Crim. P. 7 were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure." Syl. pt. 4, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999). Nevertheless, indictments must meet certain requirements, which include stating the elements of the offense charged:

> An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R. Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.

Syl. pt. 6, *Wallace*, 205 W. Va. 155, 517 S.E.2d 20.[7] In other words,

> "'to lawfully charge an accused with a particular crime[,] it is imperative that the essential elements of that crime be alleged in the indictment.' Syllabus Point 1, *State ex rel. Combs v. Boles*, 151 W. Va. 194, 151 S.E.2d 115 (1966)." Syl. Pt. 4, *State v. Palmer*, 210 W. Va. 372, 557 S.E.2d 779 (2001).

Syl. pt. 3, in part, *State v. Johnson*, 219 W. Va. 697, 639 S.E.2d 789 (2006) (per curiam).

---

[7] *See also United States v. Resendiz-Ponce*, 549 U.S. 102, 108, 127 S. Ct. 782, 788, 166 L. Ed. 2d 591 (2007) (acknowledging "two constitutional requirements for an indictment: 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907, 41 L. Ed. 2d 590 (1974))).

7

In assessing the sufficiency of the indictment's language for the malicious assault charge against Mr. Maichle, we consider the relevant statutory language, which provides as follows:

> (a) If any person maliciously shoots, stabs, cuts or wounds any person, *or* by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she, except where it is otherwise provided, is guilty of a felony and, upon conviction thereof, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. If the act is done unlawfully, but not maliciously, with the intent aforesaid, the offender is guilty of a felony and, upon conviction thereof, shall either be imprisoned in a state correctional facility not less than one nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding $500.

W. Va. Code § 61-2-9(a) (emphasis added). Viewing the first sentence of this provision in isolation, one might easily rely on the word "or" to reach the conclusion advocated by the State; however, we may not consider only detached language. When we endeavor to give meaning to a legislative enactment, our main goal is to honor the intent of the Legislature. *See* Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975) ("The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."). In analyzing legislative intent, we must consider the statute as a whole. *See* Syl. pt. 2, *State v. White*, 188 W. Va. 534, 425 S.E.2d 210 (1992) ("In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation." (quotations and citations omitted)).

8

This statute not only sets out the elements of malicious assault, but it also describes unlawful assault, which is committed when "the act is done unlawfully, but not maliciously, *with the intent aforesaid*." W. Va. Code § 61-2-9(a) (emphasis added). The phrase "the intent aforesaid" can only refer to the "intent to maim, disfigure, disable or kill," as this is the only intent language, other than the explicitly excluded maliciousness, associated with the act of malicious assault. *Id. See also State v. Justin R.*, No. 12-0406, 2013 WL 1632541, at *2 (W. Va. Apr. 16, 2013) (memorandum decision) (concluding that "the crime of unlawful assault requires the same element of 'intent to maim, disfigure, disable or kill' that is required for conviction of malicious assault" (quoting W. Va. Code § 61-2-9(a))). Because unlawful assault is a lesser included offense of malicious assault, it may not include an element that is not part of the greater offense. *See* Syl. pt. 5, *State v. Wright*, 200 W. Va. 549, 490 S.E.2d 636 (1997) ("The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense." (quotations and citations omitted)); *State v. Hutton*, 235 W. Va. 724, 726-27, 776 S.E.2d 621, 623-24 (2015) (commenting that the defendant "entered an *Alford* plea of guilty to the crime of unlawful assault, a lesser-included offense of malicious assault" (footnote omitted)).[8] By making the "intent to maim, disfigure,

---

[8] *See also Dent v. Ames*, No. 21-0680, 2022 WL 14812566, at *1 (W. Va. Oct. 26, 2022) (memorandum decision) (relating that defendant pled guilty to "unlawful

9

disable or kill" an element of unlawful assault, the Legislature plainly signaled that such intent is also a required element of the greater offense of malicious assault. W. Va. Code § 61-2-9(a).

In fact, this Court has long recognized that the intent to maim, disfigure, disable, or kill is a required element of malicious assault. *See State v. Meadows*, 18 W. Va. 658 (1881). The *Meadows* court addressed a statute that defined the offenses of malicious assault and unlawful assault in terms nearly identical to the modern statute and explained:

> The essence and gist of the statutory offence is the intent with which the act may be done. . . . [W]*ithout the intent, as laid down in the statute, there could be no conviction under the statute. The intent mentioned in the statute must be "to maim, disfigure, disable or kill," not any other intent.* Under this statute proof of intent to rob, to commit a rape, or any other offence known to the law except to "maim, disfigure, disable or kill," would not satisfy the terms of the statute. If an act is made criminal by statute, only when done with a particular intent, this intent must be averred and proved according to the terms of the statute.

assault as a lesser included offense of malicious assault"); *State v. Edler*, No. 21-0248, 2022 WL 1693754, at *1 (W. Va. May 26, 2022) (memorandum decision) (same); *State v. Valentine*, No. 19-1158, 2021 WL 2556851, at *1 (W. Va. June 22, 2021) (memorandum decision) (same); *State v. Linkous*, No. 19-1073, 2021 WL 983049, at *1 (W. Va. Mar. 16, 2021) (memorandum decision) (stating that defendant was convicted by a jury of "unlawful assault as a lesser included offense of malicious assault"); *State v. Allen*, No. 19-0315, 2020 WL 3407764, at *2 (W. Va. June 18, 2020) (memorandum decision) (same).

*Id.* at 668-69 (emphasis added).[9] Notably, in *Meadows*, the Court rejected a jury instruction that would have allowed the defendant to be convicted if the jury found that he "maliciously shot" the victim with intent to "to cause him bodily injury," which is practically indistinguishable from the State's theory that Mr. Maichle was properly indicted and convicted for maliciously wounding his victim.[10] *Id.* at 668. Similarly, the Court has

---

[9] The *Meadows* Court appears to have been discussing the version of the malicious and unlawful assault statute in effect in 1878-79, which stated:

> If any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury, with intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be punished by confinement in the penitentiary not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall, at the discretion of the jury, either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars.

I *Kelly's W. Va. Statutes*, Chap. 40 (Ch. 144 of Code), § 9, at 388 (Rev. 1878-79).

[10] The State argues that *State v. Daniel*, 144 W. Va. 551, 109 S.E.2d 32 (1959), supports its position that there are two ways to commit malicious assault by stating that the indictment in that case "charges both wounding and bodily injury caused by a blow of the fist." *Id.* at 554, 109 S.E.2d at 34. However, *Daniel* does not stand for that proposition because it addressed a disparity between the indictment and the evidence presented at trial, not the sufficiency of the indictment or the essential elements of malicious assault. To the extent that *Daniel* may be read as indicating that there are two ways to commit malicious assault, that language is mere dicta and not binding authority. *See Rogers v. Albert*, 208 W. Va. 473, 477 n.9, 541 S.E.2d 563, 567 n.9 (2000) (per curiam) (observing that dicta "clearly has no *stare decisis* or binding effect upon this Court"); *In re Kanawha Valley Bank*, 144 W. Va. 346, 382-83, 109 S.E.2d 649, 669 (1959) (commenting that "[o]biter dicta or strong expressions in an opinion, where such language was not necessary to a decision of the case, will not establish a precedent").

11

deduced that "[t]he true purpose and meaning" for creating the statutory offenses of malicious and unlawful assault "was doubtless conceived to be to define and punish as felonies those acts which [had] theretofore been considered misdemeanors *only in those cases where it also appeared that there was the felonious intent to maim, disfigure, disable or kill.*" *McComas v. Warth*, 113 W. Va. 163, 164-65, 167 S.E. 96, 97 (1932) (emphasis added).

Further confirmation that the intent to maim, disfigure, disable, or kill is an essential element of malicious assault is reflected in the fact that we have determined that the requisite intent includes the intent to produce a *permanent* disability or disfiguration: "'To support a finding of unlawful wounding under [W. Va. Code § 61-2-9], there must be intent to produce a *permanent* disability or disfiguration.' [Syl. pt. 3,] *State v. Taylor*, 105 W. Va. 298, [142 S.E. 254 (1928)]." Syl. pt. 3, *State v. Stalnaker*, 138 W. Va. 30, 76 S.E.2d 906 (1953) (emphasis added). *See also id.* at 41, 76 S.E.2d at 912 (commenting that "the intent to produce a permanent disability or disfiguration is an essence of the crimes of malicious wounding and unlawful wounding," and citing cases); *State v. Combs*, 166 W. Va. 149, 151, 280 S.E.2d 809, 810 (1980) (per curiam) (stating that "[t]he statute makes it clear, as does the case law in this State, that intent is an essential element of both malicious wounding and unlawful wounding," and quoting Syllabus point 3 of *Stalnaker*). Because the State must show the intent to inflict a permanent disability or disfiguration, we have found evidence of the extent of an injury to be admissible: "Under our malicious

wounding statute, W. Va. Code [§] 61-2-9, evidence of the extent of an injury is admissible since under the statute the State must show that the defendant inflicted the injury with an intent to produce a permanent disability or disfiguration." Syl. pt. 5, *State v. Scotchel*, 168 W. Va. 545, 285 S.E.2d 384 (1981). *Accord State v. Holpp*, No. 14-0758, 2015 WL 1740293, at *3 (W. Va. Apr. 13, 2015) (memorandum decision).

Based upon these longstanding authorities, we now hold that, the intent to maim, disfigure, disable, or kill is an essential element of the offenses of malicious assault and unlawful assault pursuant to West Virginia Code § 61-2-9 (eff. 2017). The indictment in this case failed to include the essential element of an intent to maim, disfigure, disable, or kill; therefore, the indictment was insufficient.

The State argues that the indictment was cured according to the statute of jeofailes, which provides that "[j]udgment in any criminal case, after a verdict, shall not be arrested or reversed upon any exception to the indictment or other accusation, if the offense be charged therein with sufficient certainty for judgment to be given thereon, according to the very right of the case." W. Va. Code § 62-2-11. In other words, "[o]ur statute of jeofailes . . . cures any *technical defect* in an indictment when the indictment sufficiently apprises the accused of the charge which he must face." *State v. Casdorph*, 159 W. Va. 909, 912, 230 S.E.2d 476, 479 (1976) (emphasis added), *abrogated on other grounds by*

13

*State v. Persinger*, 169 W. Va. 121, 286 S.E.2d 261 (1982).[11] In his reply brief, Mr. Maichle points to the erroneous jury instruction, given over his objection, which also omitted the intent to maim, disfigure, disable, or kill from the crime of malicious assault. He contends that the indictment error contaminated the trial itself, to his prejudice. We agree. "[T]he statute of *jeofailes* . . . will not cure *substantial defects* in an indictment." *State v. Parks*, 161 W. Va. 511, 513, 243 S.E.2d 848, 850 (1978) (emphasis added) (finding indictment void because it failed to allege the statutory element of intent). Furthermore, "'[a]n indictment predicated on a statute which specifically makes intent an element of the offense sought to be charged *must aver the intent*.' Syllabus Point 1, *State v. Sprague*, 111 W. Va. 132, 161 S.E. 24 (1931)." Syl. pt. 1, *Parks*, 161 W. Va. 511, 243 S.E.2d 848

---

[11] In its discussion of the statute of jeofailes, the State relies primarily on the opinion in *State v. Chic-Colbert*, 231 W. Va. 749, 749 S.E.2d 642 (2013) (per curiam). *Chic-Colbert* is distinguishable from the instant matter on numerous grounds. First, unlike Mr. Maichle, the *Chic-Colbert* defendant failed to timely object to the sufficiency of the indictment, prompting the Court to apply West Virginia Rule of Criminal Procedure 12(b)(2), which requires a defendant to raise any objection to an indictment prior to trial, and construe the indictment in favor of validity. *See Chic-Colbert*, 231 W. Va. at 758, 749 S.E.2d at 651. Interpreting the indictment in favor of validity, the Court found the defect, an error in the statutory citation, was merely a typographical error. *Id. See also* Syl. pt. 1, in part, *State v. Rudy*, 98 W. Va. 444, 127 S.E. 190 (1925) ("[T]ypographical errors are not fatal to an indictment, where they do not affect the sense, and the meaning of such words can be determined with certainty by a person of ordinary intelligence."). The *Chic-Colbert* Court concluded that the indictment substantially followed the language of the statute and correctly charged the defendant with the offense the State intended to charge. Here, the defendant timely and repeatedly objected. Furthermore, the indictment did not suffer from a mere typographical error; rather, it omitted a requisite intent, and contained no language from which that intent could be inferred. Finally, the error was perpetuated at trial by a similarly flawed jury instruction on the crime of malicious assault that also omitted the essential element of intent to maim, disfigure, disable, or kill.

14

(emphasis added).[12] Here, the indictment did not include an essential intent element of malicious assault, and the jury was likewise improperly instructed by the same omission. Therefore, the substantial defect in the indictment was not cured by the statute of jeofailes.[13]

Accordingly, we find the circuit court erred by denying Mr. Maichle's motion to dismiss Count Two of the indictment, which failed to include an essential intent element of malicious assault.

---

[12] *See also State v. Johnson*, 219 W. Va. 697, 639 S.E.2d 789 (2006) (per curiam) (finding error where indictment failed to substantially follow the language of the first degree robbery statute); Syl. pt. 3, in part, *State ex rel. Cain v. Skeen*, 137 W. Va. 806, 74 S.E.2d 413 (1953) ("An indictment which does not allege every material element of the offense sought to be charged is defective and void . . . .").

[13] We also summarily reject the State's skeletal argument that the defective indictment is harmless error. The State's brief on this issue, made up of a string cite of federal cases with no analysis of their application and a short, conclusory argument that Mr. Maichle was not deprived of any constitutional rights, is inadequate for appellate review. "When the alleged error involves the infringement of a petitioner's constitutional rights, the burden in a harmless error analysis is on the State to show that the error is harmless beyond a reasonable doubt." *State v. Greer*, No. 13-1259, 2014 WL 6607465, at *2 (W. Va. Nov. 21, 2014) (memorandum decision). The State has failed to meet this burden. We have counseled that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim " *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). *See also Tiernan v. Charleston Area Med. Ctr., Inc.*, 203 W. Va. 135, 140 n.10, 506 S.E.2d 578, 583 n.10 (1998) ("Issues . . . merely mentioned in passing are deemed waived.").

**IV.**

**CONCLUSION**

For the reasons explained above, we vacate the circuit court's sentencing order and remand this case with instructions to dismiss Mr. Maichle's conviction for malicious assault and re-sentence him on the remaining charges.

Vacated and Remanded.

16